· THE STATE vs. REESA.

*March 19 — April 4, 1883.*

*(1) Appealable order. (2) Presumption as to time of filing paper. (3) Taxation of costs:* Mandamus.

1. An order ratifying the refusal of the clerk to tax the costs in an action is appealable.
2. It will be presumed that the date of the filing of a paper in an action with the clerk is correctly stated in his indorsement thereon, although such paper bears a different date.
3. Whether a clerk may be compelled by *mandamus* to perform his duty in the taxation of costs is not decided. The court may, by order, direct such taxation, and punish the clerk for disobedience.

APPEAL from the Circuit Court for *Walworth* County. The case is stated in the opinion.

*Edward H. Sprague,* District Attorney, for the appellant.

For the respondent there was a brief signed by *Fish & Dodge,* of counsel, and oral argument by *Mr. Fish.* To the point that the order reviewing taxation of costs was not appealable, they cited: *McHugh v. C. & N. W. Railway Co.,* 41 Wis., 79, 82; *Ernst v. Steamer Brooklyn,* 24 id., 616.

Cole, C. J. This is an appeal from an order of the circuit court denying costs to the plaintiff. The action was brought to recover the penalty for an obstruction of a highway. The cause was tried without a jury in February, 1882. The court took time to consider, and made its findings and ordered judgment in favor of the plaintiff for $10 penalty, and costs. The findings bear date March 4, 1882, but are indorsed on the back by the clerk as filed August 29, 1882. On the day last named judgment was actually entered, as of the previous term, in favor of the plaintiff, for $10 and costs of suit. On the 16th of September the plaintiff's attorney presented an itemized bill of costs to the clerk for taxation. The clerk wrote in the margin of the bill these words: "I hereby refuse to tax the within bill of

The State vs. Reesa.

costs under chapter 202, Session Laws 1882." On an appeal
the circuit court ratified the action of the clerk in refusing
to tax the costs in favor of the plaintiff, and denied the
motion for a direction to the clerk to proceed and tax the
costs.

In this court the objection is taken that the order is not
appealable. The point, we think, is not well taken. The
order refusing to tax the costs surely affects a substantial
right, and prevents a judgment from which an appeal might
be taken. It was decided in *Smith v. Hart*, 44 Wis., 230,
that a judgment was not perfected, so as to be appealable,
until the costs were taxed and inserted therein; and the
same ruling has in effect been made in other cases. So the
order must be held appealable. But it is said by defendant's
counsel that there is nothing in the record to show that the
court erred in refusing to tax the costs in favor of the plaint-
iff. This position is based upon ch. 202, Laws of 1882.
By that statute it is made the duty of the successful party to
enter and perfect the judgment upon the finding or verdict
within sixty days after the filing of such finding or the ren-
dition of such verdict. In case the successful party neglects
to perfect the judgment within that time, it is made the duty
of the clerk to prepare and enter the proper judgment, but
without costs to either party; and the neglect or failure of
the successful party to enter and perfect the judgment as
therein prescribed, is to be deemed a waiver of his right
to the accrued costs in the action.

Now it is insisted by the same counsel that there is nothing
to show when the findings were made and filed with the
clerk, and that the presumption is the court performed its
duty by making its decision in writing and filing the same
with the clerk within twenty days from the time of trial, as
required by sec. 2863, R. S. But this presumption cannot
certainly be made on this record. The indorsement of the
clerk on the findings shows when they were left with him
and filed. By the circuit court rules the clerk is required to

file all papers in the action, *with the date of the filing indorsed thereon.* Rule I. There being no sufficient evidence to prove the contrary we must assume that the date of filing the findings is correctly stated by the clerk in his indorsement. It is true, the findings were antedated, bearing date March 4, 1882; but there is not a *scintilla* of evidence to show that they were left with the clerk before the 29th of August. The date of the findings, under the circumstances, does not fix the time when they were filed, but the indorsement of the clerk clearly does. It is therefore obvious that the successful party attempted to have the costs taxed, so as to perfect the judgment, within sixty days after the filing of the findings. The clerk and the circuit court were both in an error in supposing the state had lost its right to costs by any failure or neglect to enter and perfect the proper judgment under ch. 202. The attorney of the state brought the case fully within the requirements of that statute and was entitled to have the costs taxed. It will be noticed that the court gave judgment for costs in the first instance. The clerk, doubtless, would have taxed and have inserted them in the judgment had he not supposed the state had waived them under the law of 1882.

A suggestion was made that the state might have proceeded by *mandamus* to compel the clerk to perform his duty and tax the costs. But without deciding whether or not the state could have resorted to that remedy against the clerk, it was surely a more speedy way to reach the result to apply to the court for an order directing him to tax them. It is not to be presumed the clerk would refuse to obey such an order; if he did, the court was certainly vested with ample authority to punish him for such a violation of duty. See ch. 150, R. S.

*By the Court.*— The order appealed from is reversed, and the cause is remanded with directions to the circuit court to enter an order requiring the clerk to proceed and tax the plaintiff's costs in the action.