VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred; LAUGHLIN, J., dissented.

Order reversed and writ of certiorari quashed, with fifty dollars costs and disbursements.

---

In the Matter of the Application of THE CITY OF NEW YORK, Appellant, Relative to Acquiring Title, Wherever the Same has not Been Heretofore Acquired, to the Public Park (Although not yet Named by Proper Authority) Lying Between Spuyten Duyvil Road and the New York Central and Hudson River Railroad, Extending from a Point Opposite Johnson Avenue to about 650 feet in a Southerly Direction, in the Twenty-fourth Ward, Borough of The Bronx of the City of New York.

JOHN J. QUINLAN and Others, Commissioners of Estimate and Assessment, Respondents.

*Fees of commissioners of estimate and assessment in the city of New York — what proof as to the number of days consumed must be furnished — charges for meetings at which nothing is done.*

Section 998 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466), relative to the taxation of the costs, fees and expenses of the commissioners of estimate and assessment appointed in a condemnation proceeding instituted by the city of New York, contemplates that the commissioners shall submit proofs from which the court may be able to see that the number of days charged for by the commissioners were necessarily devoted to the proceeding.

Affidavits made by each of the commissioners, stating, in general terms, that they had performed and discharged all of their duties as such commissioners, and had been employed a specified number of days and would be engaged two more days in making a final report, which affidavits are supplemented by an affidavit made by an employee of the corporation counsel having charge of the

books and accounts of the proceeding, who deposes that the expenses of the proceeding, other than the charges of the commissioners, are a certain sum and that the bill of costs of the commissioners is in all particulars correct, do not constitute such proof of the justice of the charges as the section requires.

The commissioners appointed in such a proceeding are not entitled to charge fees for attending meetings at which nothing is done or which are unnecessarily adjourned, even though the failure to do anything and the unnecessary adjournments are due to the action of the corporation counsel.

APPEAL by the petitioner, The City of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of July, 1902, taxing the costs, charges and expenses of the commissioners of estimate and assessment appointed in the above-entitled proceeding.

*John P. Dunn,* for the appellant.

*Charles Strauss,* for the respondents.

HATCH, J. :

The respondents were appointed in a proceeding upon the part of the city to acquire title to a public park lying between Spuyten Duyvil road and the New York Central railroad. The proceeding involved an assessment of damages upon nine parcels of land, in area less than six and three-quarter city lots. By section 998 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466) it is provided that the costs, fees and expenses in such a proceeding, required by law to be taxed, shall be stated in detail in the bill of costs, and shall be accompanied by such proof of the reasonableness and necessity thereof as is now required by law and the practice of the Supreme Court upon taxation of the costs and disbursements in other special proceedings. No unnecessary costs or charges shall be allowed. Section 999, as thus amended, imposes the duty upon the corporation counsel to present to the justice taxing the costs his certificate, in writing, that the items of costs, charges and expenses have been audited and examined by him, and also setting forth the result of such audit and examination.

The commissioners upon their application for an assessment of

their fees, presented an affidavit, which stated in general terms that they had performed and discharged all of their duties as such commissioners, and had been employed a specified number of days and would be engaged two more days in making a final report. Each commissioner made such an affidavit. In addition thereto, Michael J. Morrison, an employee of the corporation counsel in the bureau of street openings, and who had charge of the books and accounts thereof, deposes that the expenses of the proceeding, other than the charges of the commissioners, were $1,155.07. As to the bill of costs of the commissioners of estimate and assessment, he states that it is in all particulars correct. This was the only proof upon which the commissioners moved for an assessment of their costs and fees. It is evident that the statement of the commissioners is not such a detailed statement as is contemplated by section 998 of the charter. What was done upon the number of days stated to have been occupied by each commissioner is not set forth, nor is there anything either in the affidavits or in the certificate of the employee having charge of the books in this proceeding, which shows in detail that the number of days for which fees are asked were necessary in the performance of the duties imposed upon the commissioners. The proof in this respect should be something more than a statement in general terms, giving the number of days. The court is the taxing officer, and it should be able to see from the proofs submitted that the number of days were necessarily devoted to the proceeding. The application, therefore, might well have been denied for insufficiency of proof upon which to base the taxation. The certificate and audit by the corporation counsel, as required by the charter, reduces the fees of the commissioners in a considerable amount, and in connection with such certificate is set out a classification of the services rendered by the commissioners and the number of days in which they were actually employed in connection with each particular service. An examination of the record kept by the commissioners, which accompanied the certificate of the corporation counsel, and the classification made by him seem clearly to show that the fees claimed by the commissioners and allowed by the court are excessive. Nor do the affidavits submitted in opposition to the certificate of the corporation counsel change this conclusion. The affidavit of Quinlan, which is adopted by the

other commissioners, does not specify in detail what was done at the particular sessions which have been criticised as unnecessary. While many words are used it amounts only to a general statement that something was done at these times, and that if nothing was done, or if adjournments were had unnecessarily, it was due to the action of the corporation counsel's office. The commissioners, however, may not shelter themselves behind any dereliction of duty upon the part of the corporation counsel which occasioned the prolongation of these proceedings beyond what was necessary; for no matter how the delays were occasioned, if nothing was done upon those days which authorized the commissioners to charge, or the adjournments were unnecessary, it would not entitle the commissioners to fees, no matter who was responsible therefor.

Making due allowance for the explanation which is made in the last affidavits, and fairly allowing for all the items therein claimed, *it does not seem to entitle the commissioners to the fees which have* been awarded. In the corporation counsel's certificate the commissioners are allowed for a certain number of days at the rate of six dollars per diem, and a certain number of days at ten dollars per diem. This is due to the fact that between the time when the commissioners entered upon the discharge of their duties and the date of their completion a change was made in the law increasing the compensation from six to ten dollars per diem. (Laws of 1897, chap. 378, § 998, as amd. by Laws of 1901, chap. 466.) Upon the application to tax, the court denied the claim of the commissioners to a compensation of ten dollars per diem and allowed them compensation at six dollars per diem for the meetings held prior to January 1, 1902, at which they claim to have been necessarily employed. No appeal was taken by the commissioners from the order, and, therefore, they are concluded by it.

On examining the whole record, we have reached the conclusion that the amounts which have been certified to by the corporation counsel are as fair and just as could be made, and we think there was authority for an allowance of compensation for the time certified by the corporation counsel at the rate of ten dollars per day.

We conclude, therefore, that the order should be modified and that the allowance of the commissioners should be of the following sums : John J. Quinlan, $442; Daniel F. McCann, $332; William

J. Fisher, $436; and as modified the order should be affirmed, with ten dollars costs and disbursements to the appellant.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and LAUGHLIN, JJ., concurred.

Order modified as directed in opinion, and as modified affirmed, with ten dollars costs and disbursements to the appellant.