In the Matter of the Petition of CHARLES H. T. COLLIS, as Commissioner of Public Works of the City of New York, under and in Pursuance of Chapter 490 of the Laws of 1883 and the Laws Amendatory Thereof, on Behalf of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, for the Appointment of Commissioners of Appraisal under Said Acts.

THE CITY OF NEW YORK, Appellant; CLARENCE RUNDALL, Claimant, Respondent.

Double Reservoir " I, " Parcels Nos. 88–92.

*Taxation of the compensation of the clerk of commissioners of appraisal under section 31 of chapter 490 of the Laws of 1883 — it is judicial — proof insufficient to sustain it — retaxation, when ordered — appeal from an order denying it.*

The duty of taxing the fees of commissioners of appraisal appointed under chapter 490 of the Laws of 1883, the compensation of their employees, and the other necessary expenses of the proceeding, imposed by section 31 of that act upon a justice of the Supreme Court, is plainly judicial and contemplates a determination which must be based upon legal evidence, or the consent of some representative of the city of New York who has legal authority to give such consent.

Where the claim for compensation of a clerk employed by the commissioners is presented for taxation, not accompanied by any statement, either general or specific, in regard to the services rendered, but only by a certificate of the commissioners of appraisal to the effect that the amount of the claim was a necessary expense in and about a special proceeding under the statute, the justice should not, over the objection of the corporation counsel that the claim is excessive, tax it at the amount specified therein.

If, however, the justice does in such circumstances tax the claim, he should, upon application by the corporation counsel, grant a retaxation thereof to the end that the evidence contemplated by the statute may be presented, before the city shall be required to pay the claim.

An order denying the motion for retaxation is appealable to the Appellate Division.

APPEAL by The City of New York from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 23d day of September, 1902, denying a motion for a retaxation of costs.

*James McKeen* [*George Landon* with him on the brief], for the appellant.

*Frederic S. Barnum*, for the respondent.

WILLARD BARTLETT, J. :

The respondent, Clarence Rundall, was a clerk to commissioners of appraisal appointed under chapter 490 of the Laws of 1883, being an act to provide new reservoirs, dams and a new aqueduct for the purpose of supplying the city of New York with an increased supply of pure and wholesome water. Section 31 of that statute provides that the fees of the commissioners and the salaries and compensation of their employees, and all other necessary expenses in and about the special proceedings provided for by the act, shall be paid by the comptroller of the city of New York; but that such fees and expenses shall not be paid until they have been taxed before a justice of the Supreme Court in the second judicial district upon five days' notice to the corporation counsel.

Mr. Rundall claims to have performed services as clerk to the commissioners of appraisal in this proceeding for two months and fourteen days in the year 1902, at the rate of $250 a month, making a total of $612.90. His bill for this sum was duly presented for taxation before a justice of the Supreme Court in Westchester county. It was accompanied by an affidavit of the claimant which showed his appointment, but contained no statement, either general or specific, in regard to the service rendered. The application was opposed by an affidavit of an assistant to the corporation counsel, stating upon information and belief that there had only been one session of the commissioners at which any testimony was taken. The claimant's bill, however, was taxed at the full sum of $612.90. The corporation counsel moved for a retaxation of the costs, and that motion was denied by the order from which the present appeal is taken.

I think that this court has jurisdiction to entertain the appeal. It is in effect an appeal from the order of the justice taxing the costs, and as such may be entertained under section 1356 of the Code of Civil Procedure.

As to the merits, it seems to me quite clear that the costs of the claimant ought to be retaxed. The duty imposed upon the Supreme

Court justice by section 31 of chapter 490 of the Laws of 1883 is plainly judicial, and contemplates a determination which must be based upon legal evidence, or the consent of some representative of the city of New York who has the legal authority to give such consent. It is true that the bill of the claimant was accompanied by a certificate of the commissioners of appraisal to the effect that the amount of the claim was a necessary expense in and about a special proceeding under the statute. In my opinion, however, this was not sufficient. I do not think the commissioners in such a proceeding are at liberty to fix a rate of compensation without regard to the value of the services actually rendered by their clerk or other employees. When a bill is presented for taxation it should be accompanied by sworn proof as to what the claimant has done and the value of labor performed. Without such evidence there is no basis for judicial action. As was said by the Appellate Division of the first department in *Matter of City of New York* (77 App. Div. 433): "The proof in this respect should be something more than a statement in general terms, giving the number of days. The court is the taxing officer, and it should be able to see from the proofs submitted that the number of days were necessarily devoted to the proceeding." Not only was the requisite proof lacking in the present case, but such evidence as there was on the subject tended to show that the claim was excessive. Under the circumstances, the application for a retaxation before the justice should have been granted, to the end that the evidence contemplated by the statute might be presented before the city was compelled to pay any claim in behalf of the clerk.

I am of opinion that the order should be reversed, and that the proceeding should be remitted to be heard upon proper proofs before the justice by whom it was originally entertained.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Order reversed, without costs, and proceeding remitted for further hearing before the justice by whom it was originally entertained.