In the Matter of the Application of CHARLES H. T. COLLIS, Commissioner of Public Works of the City of New York, for the Appointment of Commissioners of Appraisal, under Chapter 445 of the Laws of 1877, and the Several Acts Amendatory Thereof, to Acquire Certain Real Estate in the Town of Carmel, County of Putnam and State of New York, etc.

THE CITY OF NEW YORK, Appellant; JOHN M. DIGNEY and Others, Respondents.

*Compensation of commissioners of appraisal — an affidavit stating that they have been employed a certain number of days is a sufficient basis therefor.*

Under section 17 of chapter 445 of the Laws of 1877, as amended by chapter 713 of the Laws of 1897, which provides that commissioners of appraisal appointed under that act " shall receive as compensation the sum of ten dollars per day for each day actually employed," an unimpeached affidavit made by each commissioner of appraisal, stating that he has been actually employed as such for a certain number of days, entitles them, *prima facie*, to compensation at the rate prescribed in the statute.

GOODRICH, P. J., dissented.

APPEAL by the City of New York from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 4th day of October, 1902, taxing the fees of the respondents, commissioners of appraisal in the above-entitled proceeding.

*James McKeen* [*George Landon* with him on the brief], for the appellant.

*Joseph A. Flannery*, for the respondents.

WILLARD BARTLETT, J. :

This is an appeal from an order taxing the costs of commissioners of appraisal, under the amended act which provides for the acquisition of property in connection with the water supply of the city of New York. The statute provides that the commissioners appointed in pursuance thereof " shall receive as compensation the sum of ten dollars per day, for each day actually employed." (Laws of 1877, chap. 445, § 17, as amd. by Laws of 1897, chap. 713.) The fees were taxed upon an affidavit by each commissioner to the effect that he was actually employed as a commissioner of appraisal in this proceeding for 141 days between the 1st day of December, 1901, and the 19th day of May, 1902, both inclusive. In an opposing affidavit the corporation counsel states that he has no facts in his possession to enable him to determine whether this allegation is true or not, except that it appears from the stenographer's minutes that the commission held during the period mentioned eighteen sessions at which testimony was taken, two public hearings at which testimony was not taken, two hearings where counsel argued the subject of costs, one meeting to view the property and eight executive meetings. This averment falls far short of being a denial of the fact alleged by the commissioners that each was actually employed 141 days. It would be preferable, of course, in a proceeding of this character to have a more definite statement of just what was done by the commissioners on each day for which they seek compensation. In *Matter of City of New York* (77 App. Div. 433), the Appellate Division in the first department held that where the court was the taxing officer under section 998 of the Greater New York charter (Laws of 1897, chap. 378, as amd. by Laws of 1901, chap. 466), the proof should be something more than a mere statement in general terms giving the number of days upon which the commission to acquire park lands had been employed. The charter provision, however, which was there under consideration, is much more specific than the statute which applies to the present case. It provides that upon the taxation due proof of the nature and extent of the services rendered and disbursements charged shall be furnished and that no unnecessary cost or charges shall be allowed. It further provides that each of the commissioners " shall receive ten dollars for each day upon which he attends a

meeting of the said commissioners and is actually and necessarily employed in the performance of the duties imposed upon them" by the charter. Here, however, we have only the general provision that the commissioners shall receive as compensation the sum of ten dollars per day for each day actually employed. I am inclined to think that if they bring themselves within the terms of the statute by swearing to actual employment for a given number of days they make out a *prima facie* case for compensation at the prescribed rate in the absence of any evidence which would warrant the taxing officer in rejecting their statement as untrue. Hence, it follows that the order appealed from should be affirmed.

WOODWARD, HIRSCHBERG and JENKS, JJ., concurred; GOODRICH, P. J., dissented.

Order affirmed, with ten dollars costs and disbursements.