## Sanitary District of Chicago v. W. R. Curran et al.

### Gen. No. 4,710.

1. APPEAL—*when lies from taxation of costs.* An appeal lies from an order directing that a certain sum or item be taxed as costs. A motion to retax is only essential to the gaining of an appealable order where the taxation and the amount thereof have been arrived at by the clerk acting without special order.

2. ATTORNEY'S FEES—*what bill of exceptions need not show to authorize the review of a taxation made pursuant to statute.* To authorize a review of the taxation of attorney's fees as costs, pursuant to statutory enablement, it is not necessary that the bill of exceptions should show all the evidence heard upon the trial of the cause in which such fees are taxed.

3. ATTORNEY'S FEES—*what essential to taxation of, as costs.* Under section 19 of the Sanitary District Act, in order to entitle a party to such a taxation, the burden of showing the essentials to the right must be assumed and carried by the party seeking the taxation.

4. WITNESSES—*when limitation upon number of, improper.* Upon a motion to tax attorney's fees as costs, it is improper for the court to limit the number of witnesses which may be called by the defendant to a particular number where those witnesses who are called by such defendant appear to be hostile.

Action for damages for overflowing lands. Appeal from the Circuit Court of Peoria county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed March 13, 1907.

E. C. LINDLEY, B. M. CHIPERFIELD and QUINN & QUINN, for appellant.

STEVENS & HORTON and T. T. BEACH, for appellees.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

W. R. Curran and J. V. Graff brought suit against the Sanitary District of Chicago to recover damages for overflowing their lands. There was a jury trial, and a verdict for plaintiffs for $750. After verdict neither party asked for a new trial, but plaintiffs

moved for an allowance for attorneys' fees, to be taxed as costs under section 19 of what is commonly known as the Sanitary District Act, being the section and act under which the suit was brought, and also moved for judgment on the verdict. Proofs were heard by the court on that motion, and it was ordered that plaintiffs' attorneys' fees be fixed at $7,500, and be taxed as costs. Plaintiffs had judgment for $750 damages and also for their costs, and that $7,500 be taxed as a part of the costs, as plaintiffs' reasonable attorneys' fees. This is an appeal by defendant from such order assessing attorneys' fees to be taxed as costs.

Appellees contend that there is no appeal, because an appeal was not taken from the judgment for $750 and costs, but only from the order taxing as costs $7,500 for plaintiffs' attorneys' fees. A party can appeal from an order as to costs. Miller v. Adams, 4 Scam. 195; P. & B. V. R. R. Co. v. Bryant, 15 Ill. 438. In those cases the clerk taxed the costs without the direction of the court, and it was held necessary to first move to retax the costs. The second case above cited was an appeal from an order denying a motion to retax costs, made after judgment, and the appeal was entertained and the order was reversed. Our present statute allows appeals from the Circuit Court to this court from all final judgments, orders and decrees. The order to tax $7,500 as attorneys' fees in this case was final on that subject. Appellant did not intend to question the judgment for $750 on the verdict nor the consequent judgment for costs, and we see no reason why it should be required to appeal from a judgment which it did not intend to question. What appellant did desire to litigate was the order directing a certain sum to be taxed as a part of the costs. If the clerk had been given authority to tax and had taxed this sum without the previous direction of the court, a motion to retax would have been necessary, in order to secure action by the

court, from which alone an appeal could be prosecuted. But here the court had acted, and hence no motion to retax was necessary. We have examined the record in Sanitary District v. Bernstein, 175 Ill. 215, and find it was an appeal merely from an order allowing attorneys' fees under the eminent domain statute, and not from the general judgment in that case. The Supreme Court said it was "in the nature of an allowance for costs." The appeal was entertained. We conclude this appeal was properly allowed and taken from the order taxing attorneys' fees as costs. It is said there is nothing before the court for lack of an exception to the judgment. The bill of exceptions contains an exception by appellant to the order here appealed from, which is all that is required to permit that order to be reviewed.

It is argued that the order must be affirmed, because the bill of exceptions does not contain all the evidence. The record shows that the motion to have attorneys' fees allowed to appellees and taxed as costs was heard and decided on February 10, 1906, and this bill of exceptions shows it contains all the proof heard at that time, and it is therefore sufficient, unless appellant was required to preserve all the evidence heard at the trial. The contention of appellees is that the court had a right to consider all that occurred at the trial, and all that the trial judge saw of the difficulty of the questions involved, and of the skill and ability required of and exercised by appellees' attorneys, and that the allowance cannot be reviewed here without a bill of exceptions covering the entire trial. It is obvious that such a rule would impose so heavy a burden upon a party aggrieved by the allowance of attorneys' fees as costs, after a protracted trial, by the other results of which such party intended to abide, that it would practically prevent a review of the allowance. The *ad damnum* in the present case was $55,000. Appellees in their brief assert that they proved, by more than seventy-five witnesses, a damage of over $30,000.

It would not only be a great burden upon the party dissatisfied with the allowance of attorneys' fees to require him to bring here all that evidence merely to secure a review of the allowance, but it would also be a great burden upon the reviewing court to require it to read such a mass of testimony in order to pass upon this collateral question. We think that if appellees had obtained a verdict and a judgment for $55,000 or $30,000, but the judge had refused to allow what they regarded as reasonable attorneys' fees, and they desired to question that allowance, they would then realize how great a burden it would be to require them to reproduce all the evidence heard at the trial, in order to permit a review of the allowance for attorneys' fees. We may fairly assume that the evidence heard at the trial was germane to the issues raised concerning the alleged overflow of appellees' lands by water coming from appellant's sanitary district channel. It is not claimed here that such evidence bore any relation to the question what amount would be a reasonable fee for the attorneys for appellees, except as it would indirectly show how important and how difficult the litigated questions were. It would show even that very imperfectly, for arguments of counsel on objections and on the merits usually have no proper place in the bill of exceptions (People v. Chytraus, 183 Ill. 190), and yet such arguments might have been the most important and most valuable services rendered by the attorneys.

A party is not in all cases entitled to have attorneys' fees taxed as costs when he recovers a judgment under this statute. Section 19 prescribes the condition which must exist to entitle him to such taxation. When that condition is shown to exist, it is still necessary to determine what will be a reasonable sum to tax in his favor. We hold that when a party applies to the court to have an attorney's fee taxed as costs under this statute, the burden is upon him to then make complete proof, both of his right to the allow-

ance and also of the amount which ought to be allowed. That is the only practice which will preserve to the party who may be dissatisfied with the action of the court thereon a reasonable opportunity to have such action reviewed, where neither party desires to question the correctness of the judgment upon the merits of the case.

Section 19 makes it a prerequisite to any allowance that it shall appear on the trial that at least sixty days before the suit was begun plaintiff notified the trustees of the sanitary district in writing of the amount of the damages, the cause of the damage, and that he intended to sue therefor, and that the amount recovered shall be larger than the amount, if any, offered as a compromise. Manifestly the fact and amount of an offer of a compromise is not required to be shown at the trial before a jury, for the statute does not so provide, and such proof at the trial would violate the rule that one may offer to buy his peace without subjecting himself to have the offer used against him as a confession at the trial. Some of the authorities are collected, and the reason for the rule stated, in Gehm v. People, 87 Ill. App. 158. Appellees did not show any compliance with these provisions of section 19. They however call attention to the fact that the bill of exceptions recites that it contains all the proof on the fixing of the *amount* of the attorneys' fee, but does not recite that it contains all the proof heard on the motion to *allow* plaintiffs' attorneys' fees. Considering that certificate, and also some expressions by appellants' attorney, set out in the bill, stating the ground upon which he denied the right of appellees to any allowance for attorneys' fees, we conclude we should not reverse because of the absence from the bill of exceptions of the necessary proof of prior notice to appellant, and of what, if anything, it offered as a compromise.

Curran and Graff, the appellees, were attorneys-at-law. Curran did much of the work of preparing the

case for trial. He found and interviewed most of appellees' witnesses before the trial, and he examined most of them in chief. No attorneys' fees could be taxed for his services. Cheney v. Ricks, 168 Ill. 533; Gray v. Robertson, 174 Ill. 242; Garrett v. Peirce, 74 Ill. App. 225. This rule rests on grounds of public policy. Appellees retained three other lawyers, who assisted in the trial. The sum allowed seems to have been reached by allowing thirty-eight days for the actual trial, and twelve days for preparation, or fifty days in all, and allowing each of said three attorneys $50 per day for the trial and the preparation. The lawyers so employed by appellees were Stevens & Horton and, long afterwards, Beach, of the firm of Beach & Hodnett. Appellees had a right to employ as many attorneys as they saw fit, and the high standing of those they did employ is well known. But a plaintiff in such a case may see fit to employ more attorneys or men of higher standing in the profession than the necessities of the case require, and whom it would not be reasonable to require the defendant to pay. The importance of this case no doubt required men of the ability appellees selected, but upon the proof before us we conclude that, considering the important and extensive work which Curran performed in the preparation and the trial of the case, Stevens & Horton were entirely competent to do all that Curran did not do, and that no reasonable necessity is shown for the employment of Beach. Again, the provision of section 19 that the plaintiff shall recover "his reasonable attorneys' fees," does not permit him in any event to recover more than he has paid or become liable to pay. There is no proof what contract appellees had with Beach. There may be a contract between them for a less remuneration than was claimed by appellees for his services. Nor do we find any sufficient proof that he spent twelve days in preparation. As this matter must be tried again, we suggest that one necessary element was not fully

developed, even in the proof, of the value of the services rendered by Stevens & Horton. Where there is no contract, and has been no payment or settlement or charge, it is not sufficient to prove merely what are the usual and customary charges for such services in the court and county where rendered, but the inquiry should be what is usually and customarily charged and paid for such services as between parties capable of making a contract, or where the fee to be charged or paid is the subject of contract. Reynolds v. McMillan, 63 Ill. 46; L. N. A. & C. Ry. Co. v. Wallace, 136 Ill. 87; Metheny v. Bohn, 164 Ill. 495; McMannomy v. C. D. & V. R. R. Co., 167 Ill. 497; Dorsey v. Corn, 2 Ill. App. 533; and C. & S. Traction Co. v. Gaines, 129 Ill. App. 160. The proof by appellees of the number of witnesses whom Curran examined at the trial was not conclusive upon appellant, and it should therefore have been permitted to show who examined each witness. The court, during the hearing of appellees' witnesses upon this motion, limited each side to six witnesses, and gave appellant fifteen minutes in which to select six out of the much larger number it had in attendance. Some of the six selected agreed with appellees' witnesses as to the reasonable compensation of appellees' attorneys, and the others expressed themselves unable to form an opinion upon that subject. These witnesses seemed to be in sympathy with appellees or unwilling to testify against their interests, and when that appeared we think the court should have allowed appellant to call others.

In view of the amount claimed, the verdict was practically the award of only nominal damages. To sustain an allowance to appellees of so large a sum as $7,500 as their reasonable attorneys' fees, when they were substantially defeated, requires proof sufficient to satisfy our judgment. We conclude the proof before us does not warrant the allowance made. Moreover, we are not satisfied with the manner in which the motion was tried, in several respects, which we

think it not necessary to state in this opinion. We are of opinion that the ends of justice require another hearing upon the motion.

The order is reversed and the cause remanded.

*Reversed and remanded.*