SAMBO, Respondent, v. SEMMLER, Appellant.

(248 N. W. 197.)

(File No. 7479.   Opinion filed April 18, 1933.)

*M. C. Lasell,* of Aberdeen, for Appellant.
*Miller & Shandorf,* of Mitchell, for Respondent.

RUDOLPH, P. J.   On October 19, 1931, after verdict rendered by a jury, a judgment was entered in this case in favor of the plaintiff and against the defendant and appellant, Semmler. Thereafter the appellant appealed from the taxation of costs, as made by the clerk of courts, to the judge who tried

the case. On the 8th day of July, 1932, the trial judge made an order retaxing the costs. Notice of appeal was thereafter served, which included therein notice of appeal from the "judgment and the order denying a new trial, and from the order of retaxing the costs, and from the whole of said judgment and said order." The notice attempts, by one instrument and by one appeal, to appeal both from the judgment and order denying motion of new trial, and from the order of the trial judge retaxing the costs. If the order retaxing the costs is an appealable order, and the questions which would be involved in such appeal could not be presented upon an appeal from the judgment, the appeal would be duplicitous and must be dismissed on that account. See Robinson v. Glover et al, 59 S. D. 332, 239 N. W. 848; Grieves v. Danaher, 60 S. D. 120, 243 N. W. 916; and the many cases referred to therein.

Was the order retaxing the costs made by the trial judge an appealable order? It will be noted from the statement above that the order retaxing the costs was made several months after the entry of the judgment in the case. Section 3168, Rev. Code 1919, provides that an order is appealable when it is "a final order affecting a substantial right, made in special proceedings, or upon a summary application in an action after judgment." That the order retaxing costs is a final order affecting the substantial right made after judgment cannot be seriously disputed. See Engel v. Ehret, 21 Cal. App. 112, 130 P. 1197; Keane v. Pittsburg Lead Min. Co., 17 Idaho 179, 105 P. 60, 66; Sanitary District of Chicago v. Curran, 132 Ill. App. 241; Comstock Mill & Min. Co. v. Allen, 21 Nev. 325, 31 P. 434; Matter of Collis, 78 App. Div. 495, 79 N. Y. S. 801; Morristown Mills Co. v. Lytle, 118 N. C. 837, 24 S. E. 530; State v. Reesa, 57 Wis. 422, 15 N. W. 383.

May the matters sought to be reviewed upon an appeal from an order retaxing the costs, which order is made after the entry of final judgment, be reviewed upon an appeal from the judgment? We are of the opinion that they may not. There has been a considerable amount of confusion concerning this question. See Hayne, New Trial and Appeal, Revised Edition, vol. 2, § 197. However, we believe the better rule, and the rule consistent with an orderly procedure, is that matters which could be reviewed upon an appeal from an order retaxing costs, made after the entry of judgment,

may not be reviewed upon an appeal from the judgment. The rule is well stated in the case of Empire Gold Min. Co. v. Bonanza Gold Min. Co., 69 Cal. 406, 7 P. 810, 814, as follows: "A motion to tax a cost-bill is a special motion,—that is, not a proceeding as of course in the cause,—and an order thereon is a special order, and, if made subsequent to the rendition and entry of final judgment, can only be reviewed in this court by a direct appeal therefrom. This rule is in harmony with the letter and spirit of the Code of Civil Procedure. In appeals from final judgments the statement or bill of exceptions may be framed so as to include a review of all orders prior to the entry of judgment, but as to orders made subsequent to judgment, and which may, and usually will, require a special statement, and that, too, frequently after the time for statement on appeal has expired, the inconvenience in practice of treating them as included in the appeal from final judgment will be found a serious objection, to say nothing of trenching upon the true intent of the code."

The Idaho court, in the case of Keane v. Pittsburgh Lead Min. Co., supra, held as follows: "An order made by the court after judgment taxing costs is an order from which a separate appeal is allowed, and an appeal from the judgment does not present to this court for review the action of the court in taxing costs; and the memorandum of costs and the motion to retax are not properly a part of the record on appeal from the judgment."

From the foregoing, it follows that we are of the opinion that the attempted appeal is duplicitous, and must be dismissed on that account.

The appeal is dismissed with costs to respondent.

POLLEY, CAMPBELL, ROBERTS, and WARREN, JJ., concur.