SAMBO, Respondent, v. SEMMLER, Appellant.

(249 N. W. 817.)

(File No. 7479. Opinion filed August 3, 1933.)

For former opinion, see 61 S. D. 228, 248 N. W. 197.

*M. C. Lasell,* of Aberdeen, for Appellant.

*Miller & Shandorf,* of Mitchell, for Respondent.

PER CURIAM. In the former opinion filed herein, 61 S. D. 228, 248 N. W. 197, we quoted from the brief of appellant to the effect that the appeal was from the "judgment and the order denying a new trial, and from the order of retaxing the costs, and from the whole of said judgment and said order." The appellant has filed a petition for rehearing, and has pointed out that the statement in his brief was in error, in that the notice of appeal did not, in

fact, give notice of appeal from the order retaxing costs, but only gave notice of appeal from the judgment and order denying the appellant's motion for a new trial.

Under the rule announced in our former opinion in this case, there can be no review of an order retaxing the costs, which order is made after the entry of final judgment, upon an appeal from the judgment. Therefore, disregarding the statement as it appears in appellant's brief to the effect that the appeal was taken from the judgment, order denying motion for a new trial, and order retaxing costs, and considering this appeal as an appeal only from the judgment and order denying a motion for a new trial, the appellant is not entitled to a review of the order retaxing the costs.

The appeal, in fact being only from the judgment and order denying motion for new trial, the appellant is entitled to a consideration of the case upon its merits. The evidence introduced at the trial upon which the liability of the defendant Semmler is based is entirely circumstantial. Nothing would be gained by attempting to review in detail this evidence. The question of the sufficiency of the evidence upon which to submit to the jury the question of the liability of defendant Semmler is a close one. Judges Rudolph and Roberts are of the opinon that the evidence was sufficient; the other judges are of the opinion that it was not. The defendant Semmler has by proper assignment of error raised the question of the sufficiency of the evidence, and, three of the judges being of the opinion that it was not sufficient, it follows that the order and judgment appealed from must be reversed.

The petition for rehearing is denied, and the judgment and order appealed from are reversed.