TWIN CITY TESTING AND ENGINEERING LABORATORY, INC., Plaintiff and Appellant,

v.

Francis M. SMITH, Defendant and Appellee.

No. 15003.

Supreme Court of South Dakota.

Considered on Briefs Nov. 21, 1985.

Decided Sept. 24, 1986.

Thomas E. Alberts, Avon, for plaintiff and appellant.

Gary P. Thimsen of Woods, Fuller, Shultz, & Smith, P.C., Sioux Falls, for defendant and appellee.

WUEST, Chief Justice.

This is an appeal by Twin City Testing and Engineering Laboratory, Inc. (Twin City) from that portion of a judgment denying prejudgment interest on the jury award. We affirm.

The defendant, Francis M. Smith, requested one of Twin City's employees to produce certain information in a matter unrelated to this cause of action. Smith agreed to pay Twin City the charges for the production of that information, but there was no agreement with respect to the total amount to be paid to Twin City. On May 25, 1984, Twin City submitted a bill to Smith for $4,281.08. Smith made no objection to the bill and understood that additional work would be done by Twin City. A few weeks later, Twin City submitted a second and final bill to Smith for $5,066.80. Smith then sent a letter to Twin City protesting the charges; Smith offered to pay Twin City $3,000.00 in full and final payment of the bills. Twin City rejected Smith's offer and brought suit to recover the total balance of $9,347.88, plus interest.

At trial, Smith testified that in his opinion, $1,936.38 would be a "fair charge" for the services provided by Twin City. The trial court directed the jury to return a verdict of not less than that amount. Ultimately, the jury awarded $7,185.48 to Twin City. However, the trial court denied Twin City's motion for prejudgment interest in the amount of $1,114.47.

The sole issue on appeal is whether Twin City is entitled to prejudgment interest on the jury award. Twin City argues that the trial court should have awarded interest because Smith knew that the hours being expended and the rates being charged were the same as the prevailing market.

SDCL 21–1–11 states:

Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

Under this statute, the prevailing party is entitled to prejudgment interest only if damages are certain or capable of being made certain by calculation. *Hepper v. Triple U Enterprises, Inc.,* 388 N.W.2d 525 (S.D.1986); *Subsurfco, Inc. v. B–Y Water Dist.,* 369 N.W.2d 129 (S.D.1985). Prejudgment interest is not to be awarded if the damages are uncertain until determined by the trier of fact. *Hanson v. Funk Seeds Int'l,* 373 N.W.2d 30 (S.D.1985), and cases cited therein; *Arcon Constr. Co. v. South Dakota Cement Plant,* 349 N.W.2d 407 (S.D.1984).

Here, the amount of damages to be awarded to Twin City was completely uncertain until the jury returned its verdict. The parties had no agreement with respect to the number of hours required to complete the work or the exact amount of compensation to be paid to Twin City. Furthermore, there was conflicting testimony at trial as to the value of the services provided by Twin City. The jury's verdict of $7,185.48, which differs from the values put forth by both parties, reflects the uncertainty of the damages. Therefore, the trial court properly denied Twin City's motion for prejudgment interest.

The judgment of the trial court is affirmed.

FOSHEIM, J., and HERTZ, Circuit J., acting as a Supreme Court Justice, concur.

MORGAN and HENDERSON, JJ., dissent.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.

MORGAN, Justice (dissenting).

I dissent.

Twin City claimed that it is entitled to prejudgment interest on at least the sum of $1,936.38, which sum Smith testified was, in his opinion, the value of the services. The trial court directed a verdict for Twin City in at least that amount. In his brief, Smith concedes that if Twin City is entitled to interest at all, it cannot exceed interest on that sum and running from the date of the last billing. The majority opinion does not even discuss this sub-issue and I dissent because I would reverse and remand with instructions to add prejudgment interest on the amount of $1,936.58, computed from July 9, 1984, the date of the last billing.

I am authorized to state that HENDER-SON, J., joins in this dissent.