## CORCORAN v. HALLORAN.

Rev. Code Civ. Proc. 1903, § 119, provides that a complaint shall contain a plain and concise statement of the facts constituting the cause of action without unnecessary repetition, and a demand of the relief to which plaintiff supposes himself entitled, and that if a recovery of money is demanded, the amount thereof shall be stated. A complaint for work and labor alleged that defendant was indebted to plaintiff in the sum of $735, for that defendant employed plaintiff to work on a certain mine on February 18, 1900, and that he continued so to work until October 21st of the same year, 245 days, at $3 a day; that no part of the amount had been paid, except $100; and that there was still due plaintiff the amount of $635, which is unpaid. **Held,** that the complaint was not demurrable for failure to state that the labor was performed at defendant's instance and request, for failure to allege an implied promise to pay, that defendant was the owner of the mine, that plaintiff's services were of the value of $3 a day, or that defendant agreed to pay such amount.

Where, in an action for work and labor on a mine, plaintiff alleged that he had worked 245 days at $3 per day, such allegation was in effect an allegation that his services were of the value of $3 a day, and, being denied, it was proper in support thereof for him to prove that ordinary miners' wages were $3 per day.

Where, in an action by a miner for work and labor performed, defendant denied that he had employed plaintiff to work on the mine, or that defendant was working the mine during the time plaintiff claimed to have been employed by him, questions asked defendant on cross-examination, as to whether he had not employed certain persons to work in the mine, and paid them during the time that plaintiff claimed to have worked therein, was not obectionable as improper cross-examination.

Rev. Civ. Code 1903, § 2289, provides that every person, who is entitled to recover damages, certain or capable of being made certain by calculation, and the right to recover which is vested in him on a particular date, is entitled to interest from that day, etc. **Held,** that where plaintiff, in an action for work and labor, concluded the work sued for, on October 1, 1900, a verdict for plaintiff assessing his damages at $545, "with interest at 7 per cent. per annum," was not fatally defective for failure to fix the time from which interest was to run; plaintiff being entitled to recover interest from the date he concluded his work.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Lawrence County. Hon. W. G. Rice, Judge.

Action by James H. Corcoran against James T. Halloran. From a judgment for plaintiff, defendant appeals. Affirmed.

*Henry Frawley* and *E. J. Frawley,* for appellant. *Thos. E. Harvey,* for respondent.

CORSON, J. The plaintiff instituted this action to recover of the defendant the sum of $635 alleged to be due him for work and labor performed by him as a miner. Verdict and judgment being in favor of the plaintiff, the defendant has appealed.

The plaintiff, as will be noticed by the complaint hereafter copied, claimed that he performed work and labor for the defendant for 245 days at $3 per day. The defendant denied all the allegations of the complaint, and by his evidence sought to establish the fact that the work done by the plaintiff on the mine was done by him and his associates as lessees of the mine under a contract with the defendant, and not as an employee of the defendant. When the case was called for trial, the defendant objected to any evidence on the part of the plaintiff, on the ground that the complaint did not state facts sufficient to constitute a cause of action. This objection was overruled. The complaint is as follows: "The plaintiff complains and alleges: (1) That the defendant owes and is indebted to the plaintiff for work and labor, as a miner and laborer on the Golden Crown mine, situated near Lead City, South Dakota, in the sum of seven hundred and thirty-five dollars ($735), no part of which has been paid except the sum of one hundred ($100) dollars. (2) That the plaintiff was employed by the defendant to work in said mine on the 18th day of February, 1900, and so continued to work until the 21st day of October, 1900, as such laborer and miner; working two hundred and forty-five (245) days at $3.00 per day, being, in the aggregate, the sum of seven hundred thirty-five ($735) dollars. That no part of said total sum of seven hundred thirty-five ($735) dollars has been paid except as before stated, the sum of one hundred ($100) dollars; and that there is now due and owing from the defendant to the plaintiff for labor and miner's wages the sum of six hundred thirty-five ($635) dollars, no part of which has been paid."

The defendant contends that the complaint is defective, in that it fails to state that the labor was performed by the plaintiff at the

defendant's instance and request; that it fails to allege an express or implied promise to pay the plaintiff for service and labor; that the complaint fails to allege that the defendant was the owner of the mine in which the labor was performed; that the complaint fails to allege any contract express or implied on the part of the defendant; and that the complaint fails to allege that the plaintiff's services were of the value of $3 per day, or that the defendant agreed to pay that amount. We are of the opinion that the contention of the appellant is untenable. It will be noticed that the plaintiff alleges that the defendant is indebted to him in the sum of $735, and states the ground of such indebtedness to be that the defendant employed him to work on the mine mentioned, on the 18th of February, 1900, and that he continued so to work for the defendant until the 21st day of October of the same year, 245 days at $3 per day; that no part of the amount has been paid except the sum of $100; and that there is still due him the amount of $635, which is unpaid. If these allegations are true, and we must assume that they are true for the purposes of this decision, then the plaintiff was clearly entitled to recover the amount claimed. It is true he does not allege that the work was done at the special instance and request of the defendant, but, in lieu thereof, he alleges that he was employed by the defendant, which is certainly equivalent to the terms "special instance and request." It is also true he does not allege in terms that his services were of the value of $3 per day, but fixing the price at $3 per day was in effect a claim that his services were worth that sum. Section 119 of the Revised Code of Civil Procedure of 1903 provides, among other things, as follows: "The complaint shall contain: * * * (2) A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition. (3) A demand of the relief to which the plaintiff supposes himself entitled. If the recovery of money be demanded, the amount thereof shall be stated. The complaint in the case at bar fully complies with all the requirements of this section. It contains a concise statement of the facts constituting the cause of action. The object and purpose of the complaint is (1) to notify the defendant of the nature and amount of the plaintiff's claim, and (2) to enable the court, in case the averments of the complaint are ad-

mitted by the answer or proven on the trial, to say as matter of law that the plaintiff is entitled to the judgment prayed for. Certainly, in this case, the defendant was fully apprised as to the nature and amount of the plaintiff's claim, and the court could readily determine therefrom, assuming the facts stated to be true, that the plaintiff was entitled to a judgment for the amount claimed upon an implied contract. The court therefore committed no error in overruling plaintiff's objection to the complaint.

On the trial of the case a number of objections were made to the introduction of evidence on the part of the plaintiff and were overruled, and these rulings are assigned as error. It will not be necessary to consider the objections to all the questions separately, and they may be properly considered under two heads. Plaintiff offered evidence tending to prove that the ordinary miner's wages were $3 per day. This evidence was objected to, on the ground that there was no allegation in the complaint as to the value of plaintiff's services per day. This objection was, in our opinion, properly overruled, for the reason that, as before stated, the plaintiff had in effect alleged that his services were of the value of $3 per day, and it was proper for him on the trial to prove that allegation; it being denied by the answer. On the cross-examination of the defendant, when a witness on the stand, he was asked as to whether he had not employed certain persons to work in the mine and paid them during the time that the plaintiff claimed to have worked therein. This and similar questions were objected to, on the ground that the matter sought to be elicited was collateral matter, not proper cross-examination, and did not tend to prove or disprove any of the issues in the case; but we think the court committed no error in permitting these questions to be asked, as the defendant denied that he had employed the plaintiff to work upon the mine, or that he was working the mine during the time that plaintiff claimed to have been employed by him. The questions therefore were perfectly proper, as tending to show that the defendant's statement that he was not working the mine was not true; for if he was employing men upon the mine and paying them during the time that plaintiff worked therein, such evidence would clearly be inconsistent with his claim that he was not working the mine, and that

it was leased during the time to the plaintiff and his associates. It may be added that the subject of cross-examination is largely within the sound, judicial discretion of the trial court, and its rulings, unless it clearly appears there has been a manifest abuse of such discretion, will not ordinarily be reversed by the appellate court.

It is further contended that the verdict of the jury was insufficient as a basis for the judgment. The verdict is as follows: "We, the jury, duly impaneled in the above-entitled action, do find for the plaintiff on all the issues therein, and assess his damages at $545, with interest at 7 per cent. per annum." It is contended by the appellant that "with interest at 7 per cent. per annum" renders the verdict uncertain as to amount, for the reason that it does not specify the amount of the interest nor the time from which the interest was to commence to run. The verdict, though somewhat informal, is, nevertheless, sufficient in our opinion to authorize judgment, as the interest was a matter of computation simply; the time being fixed by the time the defendant concluded his work upon the mine, namely, October 21, 1900. Section 2289, Rev. Civ. Code 1903, provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law or by the act of the creditor, from paying the debt." When the plaintiff completed his work on the 21st day of October, in the absence of any stipulation to the contrary, he was entitled to the amount due him for the work performed, and hence he was entitled to interest on that amount from that time under the provisions of the section quoted. Hence, under the provisions of that section, it was competent for the court to direct the clerk to compute interest at 7 per cent. to the date of the verdict, and add that to he amount specified in the verdict, and render judgment therefor. 29 Am. & Eng. Ency. Law, p. 1018; Alamo Fire Ins. Co. v. Lancaster, 7 Tex. Civ. App. 677, 28 S. W. 126. We have examined the cases cited by the appellant in which it was held that similar verdicts in actions for damages, where the giving or witholding of interest was within the discretion of the jury, were insufficient upon which to base judgment, but an

action for money due for work and labor does not come within that class of cases. It is not an action strictly speaking for damages, but an action to recover money due on an implied contract. In actions for damages proper, interest may be given or withheld by the jury, as provided by section 2290, Rev. Civ. Code 1903, which provides as follows: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."

Finding no error in the record, the judgment of the court below and order denying a new trial are affirmed.