GEARHART, Respondent, v. HYDE, Appellant.

(164 N. W. 58.)

(File No. 4146.   Opinion filed August 7, 1917.   Rehearing denied November 2, 1917.)

1. **Interest—Accounts, Interest on, From What Date?—Statute.**
   Ordinarily, money due and payable on an account, under Civ. Code, Secs. 1414, 1417, draws interest from date of ascertainment of balance or amount payable thereon.

2. **Same—Unliquidated Demand for Medical Services—Judicial Ascertainment of Dues, as Basis for Interest Charge—Test re Running of Interest—Standards of Value of Services, Rule.**
   Services performed by way of medical treatment of a patient are not such in nature that the value thereof is susceptible of ascertainment by computation, or by reference to well-known standards of value; therefore interest cannot accrue on such a claim until amount is ascertained by jury, or by accord and satisfaction. In such case the test whether interest will or not run, prior to verdict, is, whether or not the balance or amount payable can be readily ascertained by resort to standards or customary market values.
   Polley, J., dissenting.

Appeal from Circuit Court, Hughes County. Hon. JOHN F. HUGHES, *Judge.*

Action by Napolean B. Gearhart, against Charles L. Hyde, to recover for medical services performed. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Modified, and affirmed.

*John A. Holmes,* and *P. W. Dougherty,* for Appellant.
*Gaffy & Stephens,* for Respondent.

(1) To point one of the opinion, Appellant cited: Rogers v. Yarnell, 51 Ark. 198; Heald v. Hendy, 89 Cal. 632; Harvey v. Hamilton, 155 Ill. 377.

(2) To point two of the opinion, Appellant cited: Civ. Code, Secs. 1417, 2289; Shipman v. State, 44 Wis. 458; March v. Fraser, 37 Wis. 149.

Respondent cited: Corcoran v. Halloran, 20 S. D. 384; Code Civ. Proc., Sec. 64; Civ. Code, Sec. 1416; Bell v. Mendenhall, 78 Minn. 57, 80 N. W. 843.

McCOY, J. This action was brought to recover upon an account the value of certain services performed by plaintiff as a physician and surgeon in treating and caring for a minor son of defendant, who had received an injury by coming in contact with an electric light wire. Plaintiff alleged that such services were performed upon the express request of defendant and were reasonably worth $9,400. Defendant admitted that the services were performed upon his request, and alleged that the same were worth not to exceed $350. The jury returned a verdict in favor of plaintiff for the sum of $3,091.40, including interest. From an order overruling a motion for a new trial, and the judgment rendered on said verdict, defendant appeals.

[1] Among other things, the learned trial court instructed the jury that plaintiff was entitled to recover interest at the rate of 7 per cent. per annum from the 9th day of December, 1912, to the date of verdict, upon whatever amount they should determine was due to respondent. To the giving of this instruction appellant duly excepted. We are of the opinion that there was error in the giving of this instruction. The account in question was closed on the 9th day of December, 1912; that being the date when respondent ceased performing professional services under said contract. No payments were made thereon, and, so far as appears from the record, no mutual offsets of any kind existed. Whatever amount was due to plaintiff for such services became due and payable on the 9th day of December, 1912. Ordinarily money due and payable on an account draws interest from the date of the ascertainment of the balance or amount payable thereon. Sections 1414 and 1417, Civil Code. In many jurisdictions it seems to be held that where the value of the services, or other subject of account, is readily ascertainable by either party by resort to well-known and fixed standards of customary or market values, such an account will draw interest from the time that the amount payable thereon should have been ascertained and paid; but where the value of the services performed, or other subject of account, is of such a nature and character as not to be susceptible of ascertainment by computation, or by reference to well-known stand-

ards of market values, the plaintiff is not entitled to interest prior to verdict. In the case of Laycock v. Parker, 103 Wis. 161, 79 N. W. 327, the Supreme Court of Wisconsin, in passing on a like question under a similar statute, said:

"The true principle, which is based on the sense of justice in the business community and on our statute, is that he who retains money which he ought to pay to another should be charged interest upon it. The difficulty is that it cannot well be said one ought to pay money, unless he can ascertain how much he ought to pay with reasonable exactness. Mere difference of opinion as to the amount is, however, no more a reason to excuse him from interest than difference of opinion whether he legally ought to pay at all, which has never been held an excuse. When one is held liable, say, on a promissory note, to which his defense has raised a doubtful question of law, he must pay the interest with it, because, theoretically at least, there was a fixed standard of legal obligation, which, if correctly applied, would have made his duty clear. So, if there be a reasonably certain standard of measurement, by the correct application of which one can ascertain the amount he owes, he should equally be held responsible for making such application correctly, and liable for interest if he does not."

In the case of Swinnerton v. Argonaut Land Co., 112 Cal. 375, 44 Pac. 719, the Supreme Court of California, under an identical statute, said:

"The allowance of interest was error. In an action to recover the reasonable value of services performed by a plaintiff, the amount, character, and value of which can only be established by evidence in court, or by an accord between the parties, and which are not susceptible of ascertainment by computation, or by reference to market rates, the plaintiff is not entitled to interest prior to verdict and judgment."

[2] We are of the opinion that the character of the services performed by the plaintiff was of such a nature that the value thereof was not susceptible of ascertainment by computation, or by reference to well-known standards of value, and that therefore no interest could accrue on plaintiff's claim until the amount had been ascertained by a jury, or by an accord between the parties. In such cases the criterion or test as to whether interest will run

or not, prior to verdict, is not to be determined alone from the fact that the parties have been unable to agree upon the amount payable. Neither should a defendant be relieved from paying interest by reason of the fact alone that the plaintiff made too large a demand. Baker v. Vermont Ry. Co., 56 Vt. 302. But the true test is whether or not the balance or amount payable can be readily ascertained by resort to standard or cusomary market values. This case clearly falls within the class where interest is. not allowable . prior to verdict, except by accord between the parties .

By computation it appears that the. jury allowed plaintiff, under the instructions, the sum of $2,600, as the value of his services, and allowed him $491.40 interest, making the total verdict of $3,091.40. We are therefore of the view that $491.40 should be eliminated from said verdict, and that plaintiff is entitled to recover from defendant the sum of $2,600, with interest thereon at the rate of 7 per cent. per annum from the 21st day of August, 1915, the date of the verdict.

Appellant has assigned as error the insufficiency of the evidence to sustain the verdict, but this assignment was abandoned in the argument in the brief. All assignments of error have been considered.

The judgment may be modified to conform to this decision, and as modified, the same is affirmed, without costs on appeal.

POLLEY, J., dissents.