**WILLIAMS INSURANCE AGENCY, INC., Plaintiff and Appellee,**

**v.**

**DEE–BEE CONTRACTING COMPANY, Defendant and Appellant.**

Nos. 14453, 14459.

Supreme Court of South Dakota.

Argued Sept. 10, 1984.

Decided Nov. 14, 1984.

William C. Garry of Cadwell, Sanford & Deibert, Sioux Falls, for plaintiff and appellee.

John E. Burke, Sioux Falls, for defendant and appellant.

HENDERSON, Justice.

### ACTION

This is an appeal from a final judgment of December 5, 1983, awarding appellee $3,598.69, plus costs and disbursements, and dismissing appellant's counterclaim for damages arising out of appellee's failure to insure properly. Appellee filed Notice of Review requesting prejudgment interest on its collection judgment. We reverse and remand.

### PROCEDURAL BACKGROUND

Appellee, Williams Insurance Agency, Inc., filed a collection suit on June 24, 1982, against appellant, Dee-Bee Contracting Company, for failure to pay premiums on an insurance contract.

Appellant admitted the debt in Answer, but counterclaimed for failure to adequately insure an apartment building. The damages claimed resulted from a coinsurance penalty.

The trial court determined that appellee was indeed negligent in failing to fully insure appellant's property. However, the trial court also determined appellant was contributorially negligent, under the circumstances, in failing to follow up on its request for additional coverage. Further, the trial court found that despite the fact that appellee's negligence amounted to 80% of the damage and appellant's only 20%, appellant was nevertheless barred from re-

covery by the fact that South Dakota's comparative negligence statute did not apply to a strictly pecuniary loss such as the one involved herein.

## FACTS

During October 1978, Don Babinski, one of the principals in Dee-Bee Contracting Company (Insured), met with Roger Larsen of Williams Insurance Agency, Inc. (insurance agency) to discuss insurance. This meeting resulted from Babinski's disappointment with a previous company and the fact that his property was underinsured. Insurance agency secured from Continental National American (CNA) a policy of insurance on insured's apartment complex in New Brighton, Minnesota, which provided protection from, among other perils, loss by fire. The policy was issued on October 31, 1978, for a period of one year, and provided coverage of $2,300,000.00 at 90% coinsurance. This replacement value was an amount furnished by insured and agreed upon by the parties.

By letter dated December 29, 1978, the underwriting supervisor of CNA advised Larsen that, according to CNA's manuals, the replacement value should have been listed as $2,860,000.00. This letter was received by insurance agency on Thursday, January 4, 1979.

Upon receipt of the letter, Larsen attempted to contact Babinski immediately, but without success. Larsen was away from his office on Friday afternoon, January 5, 1979, until Monday morning, January 8, 1979. Larsen took no further steps prior to January 11, 1979. On that date, the New Brighton apartment complex was damaged by fire.

Sometime between January 3 and 5, 1979, Babinski was made privy to the December 29, 1978 letter from CNA. Babinski called the insurance agency between January 3 and 5 regarding the letter. He spoke to a secretary at insurance agency who informed him that Larsen was on his honeymoon, but that the matter would be taken care of. Babinski took no further action.

An adjuster from CNA estimated the fire loss to the complex at $43,925.65. The value of the building for coinsurance purposes was computed by CNA's adjuster at $2,713,521.60. A coinsurance penalty was imposed and only 84.7% of the estimated loss was paid. This was $6,720.62 less than the total estimated loss.

## DECISION

### I.

### WAS INSURED GUILTY OF CONTRIBUTORY NEGLIGENCE?

■ "Contributory negligence is conduct for which plaintiff is responsible, amounting to a breach of duty which the law imposes upon persons to protect themselves from injury, and which, concurring and cooperating with actionable negligence for which defendant is responsible, contributes to the injury complained of as a proximate cause." *Starnes v. Stofferahn*, 83 S.D. 424, 432, 160 N.W.2d 421, 426 (1968). "In the absence of knowledge to the contrary, one who is conducting himself in accordance with standards of ordinary care may assume that he is not to be exposed to harm from a breach of duty which others owe to avoid injury to him." *Rikansrud v. City of Canton*, 79 S.D. 592, 607–08, 116 N.W.2d 234, 242 (1962). Therefore, if insured conformed to the standard of an ordinary prudent person upon notice of the insurance condition, it would not need to do more in anticipation of the negligence of insurance agency in failing to fully insure. *Id.*

■ As insurance agency concedes, ordinary care requires that an insured, once informed that his insurance company has deemed his premises underinsured, take steps to contact his insurance agent or the company regarding the problem. This is the precise step insured undertook. Once informed by a representative of insurance agency that the matter would be taken care of, nothing further was required of insured.

Under these circumstances, the trial court was clearly erroneous in finding insured contributorily negligent. *Vaughn v. Eggleston*, 334 N.W.2d 870 (S.D.1983). Insured should be allowed to recover the full amount of its counterclaim. Inasmuch as we so hold, as a matter of law, we need not treat related issues propounded by the briefs.

## II.

## IS INSURANCE AGENCY ENTITLED TO PREJUDGMENT INTEREST ON ITS COLLECTION JUDGMENT?

 The trial court refused to grant insurance agency prejudgment interest on its undisputed collection claim. No reasons for this denial were set forth. SDCL 21–1–11 provides:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

Therefore, prejudgment interest should have been granted. *See Dougherty v. Beckman*, 347 N.W.2d 587 (S.D.1984); *Beka v. Lithium Corp. of America*, 77 S.D. 370, 92 N.W.2d 156 (1958). We see no justification for service charges over and above prejudgment interest or authorities in support thereof.

The judgment of the trial court is reversed. We remand for an award of prejudgment interest on insurance agency's claim of $3,598.69 from and after the date of the earned premiums, which the trial court found to be April 27, 1981.

The trial court is also to award insured prejudgment interest on $6,720.62 from and after the date upon which it was informed of the imposition of the coinsurance penalty.

All the Justices concur.

WUEST, Circuit Judge, acting as Supreme Court Justice, participating.