SUBSURFCO, INC., Plaintiff, Defendant on counterclaim of B–Y Water District, and Appellee,

v.

B–Y WATER DISTRICT, Defendant, Counterclaimant, Cross-Claimant, and Appellant,

v.

SEABOARD SURETY COMPANY, Defendant on Cross-Claim of B–Y Water District and Appellee.

No. 14744.

Supreme Court of South Dakota.

Considered on Briefs, March 18, 1985.

Decided June 5, 1985.

Woods, Fuller, Schultz & Smith, P.C., and F.M. Smith, Sioux Falls, for appellee Subsurfco, Inc.

Thomas E. Alberts, Avon, for appellant B-Y Water Dist.

KEAN, Circuit Judge.

This is an appeal from an order denying a motion for prejudgment interest after B-Y Water District (appellant) received a jury verdict of $2,714,157.24 on its counterclaim and cross-claim. We affirm the order.

This is the second appeal involving these litigants. Previously, this court set aside a jury verdict in favor of appellant and remanded the proceedings for a new trial particularly upon the issue of damages. The background facts are adequately recited in *Subsurfco, Inc. v. B-Y Water Dist.*, 337 N.W.2d 448 (S.D.1983).

The second trial again resulted in a jury verdict for appellant for $2,714,157.24. Subsurfco, Inc. and Seaboard Surety Company (appellees) were allowed a setoff of $775,789.17 against the jury verdict, which represented the unpaid balance on the contract between Subsurfco, Inc. and B-Y Water District. No appeal was taken from the verdict and that portion of the case is now settled.

* As to the necessity of using a line item jury verdict in certain cases, *see American State Bank v. List-Mayer*, 350 N.W.2d 44 (S.D.1984),

Appellant claims it is entitled to prejudgment interest for the following "line items"* of the jury verdict:

| ITEM | | AMOUNT | DUE DATE |
|---|---|---|---|
| 1. | 18 inch AC Relay | $150,186.35 | 5- 6-81 |
| 2. | Pressure/Leakage Test | 60,412.90 | 9-30-80 |
| 3. | Water Bill | 37,161.99 | 2- 1-81 |
| 4. | Start-up Costs/Warranty | 25,000.00 | 6- 1-82 |
| 5. | Twin Cities Testing Co. | 16,874.00 | 9-30-81 |
| 6. | Probe of Shallow | 1,590.00 | 6- 8-80 |
| | | $291,225.24 | |

Appellant does not claim any prejudgment interest on the remainder of the "line item" damages awarded by the jury. As noted by the trial court in its memorandum opinion denying the motion for prejudgment interest:

Defendant apparently concedes that pre-judgment interest is not an entitlement per SDCL 21-1-11 and the case authorities on the 16″, 12″, 10″, and 8″ and 10″ shallow PVC pipe or the completion work on the 230.2 miles of PVC line. I agree. To begin with, liability on the entire case was always disputed and somewhat in doubt especially after the South Dakota Supreme Court decision and the issue of waiver. I recognize that liability alone is not the proper element to focus on; however, for these reaosns (sic) the amount of damage was never certain or capable of being made certain by calculation as of a particular day.

It is from this order denying prejudgment interest that this appeal is taken.

Three statutes are involved in this single issue appeal. SDCL 21-1-11 provides:

Every person who is entitled to recover damage certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

It is also provided by SDCL 21-1-1 and SDCL 21-2-1, respectively:

where prejudgment interest was denied on a general jury verdict.

Every person who suffers detriment from the unlawful act or omission of another may recover from the person in fault a compensation therefor in money, which is called damages. Detriment is loss or harm suffered in person or property. SDCL 21–1–1.

For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both nature and their origin. SDCL 21–2–1.

■ The criteria for awarding prejudgment interest by SDCL 21–1–11 are twofold. First, the damages must be certain, or capable of being made certain, by calculation. *Arcon Const. Co. v. S.D. Cement Plant*, 349 N.W.2d 407 (S.D.1984); *Fullerton Lumber Co. v. Reindl*, 331 N.W.2d 293 (S.D.1983). The fact liability as disputed is immaterial. *Cole v. Melvin*, 441 F.Supp. 193 (D.S.D.1977); *Simpson v. Norwesco, Inc.*, 583 F.2d 1007 (8th Cir.1978) (both cases interpreting SDCL 21–1–11). Second, there actually must be some damages upon which to predicate the interest. SDCL 21–1–11.

The term "damages" is not defined within SDCL 21–1–11 and its meaning must be found in other statutes depending, of course, upon the nature of the proceedings which, in this breach of contract case, is SDCL 21–2–1. The cases that have interpreted damages for a breach of contract have held no person can receive a greater amount in damages for breach of contract than he could have gained by full performance on both sides. *See, e.g., Hickok v. W.E. Adams Co.*, 18 S.D. 14, 99 N.W. 77 (1904). This does not mean, however, that interest may not be awarded upon the breach of a contract, *see Beka v. Lithium Corporation of America*, 77 S.D. 370, 92 N.W.2d 156 (1958), *Arcon Const. Co. v.*

*S.D. Cement Plant, supra;* nor does it mean that interest should be precluded by the fact that the party against whom it is asserted may have put forward an unliquidated setoff or counterclaim. *Knutson v. Lasher*, 219 Minn. 594, 18 N.W.2d 688 (1945).

The cases cited above, however, and annotated under SDCL 21–1–11, do not address the peculiar circumstances of this case. In this case, the jury awarded plaintiff the sum of $2,714,157.24 in damages. Of this figure, appellant concedes that it has no right to prejudgment interest on $2,422,932.00 (the first figure less $291,225.24). Yet, when the setoff was made, it was applied to the whole of the judgment, not just the part for which no prejudgment interest was due. The setoff of $775,789.17, the unpaid balance of the contract, was more than adequate to liquidate the items for which prejudgment interest was requested.

The purpose of prejudgment interest has been explained in this manner:

Interest by way of damages has been defined as interest allowed in action for breach of contract or tort for the unlawful detention of money found to be due.... Interest, as a part of damages, is allowed, not by application of arbitrary rules, but as a result of the justice of the individual case and as compensation to the injured party.

22 Am.Jur.2d *Damages* § 179 (1965).

■ As appellant owed appellee $775,789.17, it is difficult to perceive how appellee owes appellant any prejudgment interest. There was no unlawful detention of money. Since there was a sum still due on the contract for appellee's benefit, no funds were due appellant and no money was improperly retained, detained, or withheld. Thus, as no damages are due, pursuant to SDCL 21–2–1, no prejudgment interest can be awarded under SDCL 21–1–11.

The order of the trial court is affirmed.

MORGAN and HENDERSON, JJ., WUEST, Acting J., and TALBOTT, Circuit Judge, concur.

KEAN, Circuit Judge, sitting for FOSH-EIM, C.J., disqualified.

TALBOTT, Circuit Judge, sitting for WOLLMAN, J., disqualified.