**BARTON MASONRY, INC.,**

v.

**Robert VARILEK.**

No. 14583.

Supreme Court of South Dakota.

Argued Nov. 27, 1984.

Decided Oct. 16, 1985.

Rehearing Denied Nov. 19, 1985.

Gary G. Colbath of Banks & Johnson, Rapid City, for plaintiff and appellee.

George Beal, Rapid City, for defendant and appellant.

FOSHEIM, Chief Justice.

Defendant appeals from a judgment entered on a jury verdict in favor of plaintiff in the amount of $17,873.40. We affirm.

In the fall of 1980, defendant Robert Varilek (Varilek), a Rapid City attorney, discussed with Don Barton, one of plaintiff's officers, the proposed construction of various external improvements on Varilek's home in Piedmont, South Dakota. Varilek gave Barton plans and specifications for the work in the spring of 1981. In response, Barton provided a written proposal to Varilek that called for a completion price of $33,581.27. Varilek indicated to Barton that that was more money than he wanted to spend. Subsequently, Barton and Varilek reached an understanding whereunder Barton was to provide a brick patio and brick barbeque on a cost-plus basis, with an approximate cost of $10,000.00. Barton commenced work on this project and as time went by additional work was done at Varilek's instruction to the point that all of the work originally contained in the written proposal was completed except for some redwood decking. Moreover, repair work was ordered and completed above and beyond the work called for in the original written proposal.

In accordance with the discussions between the parties, Barton advised Varilek when the bill for the project reached $10,000.00, and Varilek paid that amount. Upon completing the project, Barton calculated plaintiff's costs based upon the invoices and submitted a final bill to Varilek. After reviewing the itemized bill, Varilek took the position that the contract was not a cost-plus contract but rather a fixed-sum contract for $10,000.00, together with an agreed-upon amount of extra work totaling $5,000.00.

Plaintiff's complaint alleged a completed oral contract between the parties. During trial, however, evidence was submitted concerning the reasonable value of the labor and material furnished by plaintiff. Accordingly, the trial court instructed the jury that it could find for plaintiff on the basis of quantum meruit in the event that it found that no contract existed between the parties.

Although defendant has raised five issues on appeal, we find it necessary to discuss only three of them.

Defendant contends that the trial court erred in refusing to instruct the jury that plaintiff had the burden of proving that it

had substantially performed the terms of its alleged contract.

■ We agree with defendant that a party who sues to recover on a construction contract has the burden of proving substantial performance of that contract. *See Van Den Hoek v. Bradwisch,* 273 N.W.2d 152 (S.D.1978). *See also, Regan v. Moyle Petroleum Co.,* 344 N.W.2d 695 (S.D.1984), for the proposition that the party who asserts the affirmative of an issue must prove that issue by a preponderance of the evidence.

■ The trial court instructed the jury that the parties agreed that the construction project had been satisfactorily completed. The court also instructed the jury that plaintiff had the burden of establishing by a preponderance of the evidence that a contract existed between the parties and that defendant had breached the contract by failing to pay in accordance with the terms and conditions of the contract. Accordingly, we conclude that the instructions, although perhaps not as completely worded as they might have been, adequately informed the jury of that which plaintiff was required to establish as a condition of recovering on its alleged contract.

■ Defendant contends that the trial court erred in instructing the jury on the quantum meruit theory of recovery inasmuch as plaintiff had failed to plead that theory. Our review of the trial transcript, however, satisfies us that although not pleaded, the theory of quantum meruit was tried by mutual consent of the parties and was thus properly submitted to the jury. SDCL 15–6–15(b). *See, e.g., Matter of Estate of Borsch,* 353 N.W.2d 346 (S.D.1984); *Nelson v. Gregory County,* 323 N.W.2d 139 (S.D.1982); *Durr v. Hardesty,* 76 S.D. 232, 76 N.W.2d 393 (1956).

■ Defendant also contends that plaintiff introduced no evidence of the reasonable value of benefit conferred. We are satisfied however, that plaintiff introduced sufficient evidence on this element of the quantum meruit theory of recovery.

■ Defendant contends that the trial court erred in awarding prejudgment interest pursuant to SDCL 21–1–11. We do not agree.

> The mere fact that the claim is disputed does not defeat the allowance of interest.... [I]nterest is allowable on damages if there exists established or reasonably ascertainable market prices or values of the subject matter by reference to which the amount due may be determined by computation. This rule seems to be generally accepted.... The reason for denying interest on a claim is that where the person liable does not know what sum he owes, he cannot be in default for not paying. When the exact sum of the indebtedness is known or can be readily ascertained the reason for the denial of interest does not exist.

*Beka v. Lithium Corporation of America,* 77 S.D. 370, 375, 92 N.W.2d 156, 159–60 (1958). *See also, Williams Insurance Agency, Inc. v. Dee-Bee Contracting Co.,* 358 N.W.2d 231 (S.D.1984); *Dougherty v. Beckman,* 347 N.W.2d 587 (S.D.1984); *Northwestern Eng. Co. v. Thunderbolt Enterprises Inc.,* 301 N.W.2d 421 (S.D. 1981); *Northern Improvement Co., Inc. v. S.D. State Hwy. Comm'n,* 314 N.W.2d 857 (S.D.1982); *North River Insurance Co. v. Golden Rule Const., Inc.,* 296 N.W.2d 910 (S.D.1980); *American Property Services, Inc. v. Barringer,* 256 N.W.2d 887 (S.D. 1977).

We have considered defendant's remaining contentions and conclude that they raise no issue of reversible error.

The judgment is affirmed.

MORGAN and HENDERSON, JJ., concur.

WUEST, Circuit Court Judge, acting as a Supreme Court Justice concurs specially.

HERTZ, Circuit Court Judge, acting as a Supreme Court Justice, not participating.

WUEST, Acting Justice, concurring specially.

I concur, although the instructions on the express contract were less than desirable. The proper instructions on quantum meruit were given and a general verdict returned. Under these circumstances, the reviewing court will assume the verdict was returned upon the issue properly submitted. *Mid-America Marketing Corp. v. Dakota, Etc.*, 289 N.W.2d 797 (S.D.1980); *Eberle v. Siouxland Packing Co., Inc.*, 266 N.W.2d 256 (S.D.1978); *Aschoff v. Mobil Oil Corp.*, 261 N.W.2d 120 (S.D.1977).