Henry AMERT, Plaintiff and Appellant,

v.

ZIEBARTH CONSTRUCTION COMPANY, d/b/a Madison Insulation Company, and U.S. Fiber Corporation, Defendants and Third Party Plaintiffs and Appellees,

v.

AMERT CONSTRUCTION COMPANY, a Corporation, Third Party Defendant and Appellee.

No. 15299.

Supreme Court of South Dakota.

Considered on Briefs Nov. 17, 1986.

Decided Feb. 11, 1987.

Jerome B. Lammers of Lammers, Lammers, Kleibacker & Casey, Madison, for plaintiff and appellant.

John E. Simko of Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, for U.S. Fiber Corp.

Thomas M. Issenhuth of Arneson, Issenhuth & Gienapp, Madison, for Ziebarth Const. Co., d/b/a Madison Insulation Co.

Michael L. Luce of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for Amert Const. Co.

WUEST, Chief Justice.

Appellant appeals trial court's judgment denying prejudgment interest. We reverse and remand.

Appellant, Henry Amert (Amert), is the owner of a recreation building in Madison, South Dakota and was a stockholder in Amert Construction Company. Amert Construction Company was the prime contractor on the recreation building. Insulation work on the building was subcontracted to the Ziebarth Construction Company, doing business as Madison Insulation. The insulation was supplied by U.S. Fiber Corporation.

The recreation building, built in conjunction with a twenty-four unit apartment complex, was constructed in the winter of 1978. In the spring of 1979 appellant noticed the outside steel panels of the building had begun to rust. The corrosion was predominant in an area which enclosed the swimming pool. Testing showed the cellulose insulation provided by U.S. Fiber Corporation was highly corrosive. The cellulose fibers reacted with the high humidity created by the swimming pool and caused severe corrosion to the sheet metal in the building. The insulation was not recommended in metal buildings.

The appellant sued Amert Construction Company for breach of implied warranties of fitness for a particular purpose. Amert Construction filed a third-party complaint against Ziebarth Construction, and Zie-

barth in turn filed a fourth-party complaint against U.S. Fiber on the theories of express warranty and implied warranties of merchantability and fitness for a particular purpose. Appellant's October 4, 1982 complaint alleged damages of $95,505. A June 7, 1983 amended complaint also alleged damages of $95,505. On November 3, 1983, the court granted appellant's motion to dismiss the amended complaint against Amert Construction. Third party claims against Amert Construction by Ziebarth and U.S. Fiber were preserved. On October 8, 1985, the appellant filed a second amended complaint which requested $141,-543.00 in damages, but that amount was later changed to $95,505 before the date of trial.

The trial court instructed the jury it could award damages based upon the lesser of either the reasonable expense of making necessary repairs or the difference between the fair market value of the property immediately before and the fair market value of the unrepaired property immediately after discovery of the damage. The jury awarded $95,505, but the trial court denied appellants motion for prejudgment interest. The trial court held that the exact amount of the fair and reasonable cost of necessary repairs to the building was not certain or capable of being made certain by calculation.

South Dakota's prejudgment interest statute is SDCL 21-1-11. It provides:

Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt.

The mere fact that a claim is disputed does not defeat the allowance of interest. *Barton Masonry, Inc. v. Varilek,* 375 N.W.2d 200 (S.D.1985); *Dougherty v. Beckman,* 347 N.W.2d 587 (S.D.1984); *Beka v. Lithium Corporation of America,* 77 S.D. 370, 92 N.W.2d 156 (1958); *Corcor-*

*an v. Halloran,* 20 S.D. 384, 107 N.W. 210 (1906). Where the amount sought for recovery even though not liquidated,, is based upon the readily ascertainable value of services or property, the general and better considered rule is to allow interest, at least in the absence of strong equities to the contrary. *Aetna Casualty Ins. Co. v. United States,* 365 F.2d 997 (8th Cir.1966). Interest is allowable on damages if there exists established or reasonably ascertainable market prices or values on the subject matter by reference to which the amount due may be determined by computation. *Barton, supra; Dougherty, supra; Beka, supra; Gearhart v. Hyde,* 39 S.D. 273, 164 N.W. 58 (1917). The reason for denying interest on a claim is that when the person liable does not know what sum he owes, he cannot be in default for not paying. However, when the exact sum of the indebtedness is known or can be readily ascertained the reason for denial of interest does not exist. *Beka, supra.*

There was no dispute over the actual amount of physical damage to the structure. Appellant is entitled to prejudgment interest as long as damages are capable of being made certain by calculation. Appellees point out that appellant had several estimates of the cost of repairs. Appellant had an estimate of $36,705 in January of 1982, and in September 1982, the estimate was $95,505. In September 1985, just before trial, damages in the second amended complaint were set at $141,910.09, but there was no itemized estimate of repairs. Ziebarth had its own estimate of $98,000 for a total rebuilding of the structure. Appellees point to these estimates and argue that damages were not capable of ascertainment by computation.

Appellant explains the discrepancy between the January 1982 and September 1982 estimates by claiming only the pool area was surveyed in the January estimate and further damages were not discovered until later. However, it does appear that both estimates included repairs on both the pool area and the rest of the structure as a whole. Moreover, the line items are the

same in both estimates, and yet there is a large discrepancy in the dollar totals for each line item. In any event, the jury accepted appellants explanation. The second estimate of $95,505 was the one that was submitted to the appellees and it was the figure the jury returned for the appellant.

■ A party is not entitled to prejudgment interest in cases where the amount of damages remains uncertain until determined by the trial court. *Arcon Const. Co. v. S.D. Cement Plant,* 349 N.W.2d 407 (S.D.1984); *Fullerton Lumber Co. v. Reindl,* 331 N.W.2d 293 (S.D.1983); *State v. Ed Cox and Son,* 81 S.D. 165, 132 N.W.2d 282 (1965). In *Arcon,* prejudgment interest was denied. In that case the contractor admitted that its own records were not usable for determining actual damages. Averages and estimates were used, but the guidelines used for the plaintiff's estimates were questionable and were vigorously objected to by the cement plant. Here, the damages were based on objective measurement of the labor and materials necessary to restore the building, and the defendants did not dispute the reasonableness of appellant's $95,505 calculation.

In *Fullerton,* prejudgment interest was denied. Plaintiff testified he did not keep records of the number of pig deaths due to the leaking roof. He submitted evidence based on a loss of twenty-five, thirty, or thirty-five pigs. Damages were not certain in that case because the jury had to determine the number of animals it would adopt as the actual physical loss. Similarly, in *Hanson v. Funk Seeds Intern.,* 373 N.W.2d 30 (S.D.1985), this court held that prejudgment interest was not recoverable because plaintiff's yields varied from year to year. The amount of damages was not certain until decided by the jury.

In *Barton Masonry, supra,* which cited a long list of South Dakota cases construing SDCL 21-1-11, prejudgment interest was allowed on a quantum meruit award for the reasonable value of plaintiffs construction work. In *Northwestern Eng. v. Thunderbolt Enterprises,* 301 N.W.2d 421

(S.D.1981), the court allowed prejudgment interest based on the surety's performance under a contract bond. Damages were awarded for performance of construction work based on the contract bid and its price breakdown. In *Williams Ins. v. Dee-Bee Cont. Co.,* 358 N.W.2d 231 (S.D.1984), the court awarded prejudgment interest on estimated fire losses wrongfully withheld by an insurance company. Although based on a fire estimate, this court approved prejudgment interest on a definite percentage of the estimated damage withheld by the insurance company under a coinsurance penalty.

The California courts, applying an identical statute, have recognized the *Beka* rationale for awarding prejudgment interest and have explained their own test for the "ascertainable by computation" problem which plagues courts today. "The test we glean from prior decisions is: did the defendant actually know the amount owed or from reasonably available information could the defendant have computed that amount. Only if one of those two conditions are met should the court award prejudgment interest." *Chesapeake Industries v. Togova Enterprises,* 149 Cal. App.3d 901, 907, 197 Cal.Rptr. 348, 352 (1983). "Prejudgment interest runs from the date when the damages are of a nature to be certain or capable of being made certain by calculation and when the exact sum due to the plaintiff is made known to the defendant. Pursuant to the statute, if the defendant does not know or cannot readily ascertain damages, it is incumbent on the plaintiff to provide the defendant with some statement and supporting data from which the defendant can make the necessary determination." *Levy-Zentner Co. v. Southern Pac. Transp. Co.,* 74 Cal. App.3d 762, 798, 142 Cal.Rptr. 1, 25 (1977).

■ Here the appellees were given an itemized list of needed repairs which they were free to examine or question. They have never questioned the reasonableness of the $95,505 estimate. The ury awarded the amount itemized by the appellant and requested in his complaint. California

courts have held where there is a large discrepancy between the amount of damages demanded in the complaint and the size of the eventual award, that fact militates against the certainty mandated by the statute. *Polster Inc. v. Swing,* 164 Cal. App.3d 427, 210 Cal.Rptr. 567 (1985). Here there was no discrepancy at all in the damages requested and the damages awarded. The amount of damages were not dependent upon any contingencies or jury discretion. Damages were readily ascertainable by computation and appellees had all necessary information available for complete determination of repair costs.

The trial court's judgment denying prejudgment interest is reversed and we remand for computation of prejudgment interest.

MORGAN, J., and FOSHEIM, Retired Justice, concur.

SABERS, J., specially concurs.

HENDERSON, J., dissents.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

SABERS, Justice (specially concurring).

I concur in the result and wish to stress the following in respect to the continuing problem of applying prejudgment interest law, SDCL 21-1-11, to the facts. First, the law is known but difficulties continue to exist in applying that law to the multiple and diverse facts which arise from time to time in these cases. Secondly, in the absence of an offer or tender to pay on their part, defendants should not be able to claim that they are prevented by law or by the plaintiff creditor from paying. Thirdly, the right to recover damages capable of being made certain by calculation was not vested in the plaintiff in this case until September 28, 1982, and then in the amount of $95,505. This is so even though the building was built in 1977 and 1978 and the rust was noticed as early as the spring of 1979. At that time, plaintiff's damages were capable of being made certain by calculation by reference to prevailing markets for labor and materials. All of the above is in line with the letter and the spirit of *Meyer v. Dixon,* 369 N.W.2d 658 (S.D. 1985).

HENDERSON, Justice (dissenting).

There was considerable dispute concerning the amount of damages. Thus, such dispute underscores the tenuousness of the majority's position.

In *Meyer v. Dixon,* 369 N.W.2d 658, 659 (S.D.1985), we emphasized that three conditions must be met before a party could recover prejudgment interest:

(1) It must be clear that the plaintiff is entitled to recover a sum certain, or that the damages sought are capable of being made certain by calculation;

(2) The right to recover must be vested in the plaintiff on a particular day; and

(3) The debtor must not have been prevented by the plaintiff or by law from paying the debt.

*See Cole v. Melvin,* 441 F.Supp. 193, 210 (D.S.D.1977). *See also Hanson v. Funk Seeds Int'l,* 373 N.W.2d 30, 36 (S.D.1985); *Subsurfco, Inc. v. B-Y Water Dist.,* 369 N.W.2d 129, 131 (S.D.1985). The basic statute controlling is SDCL 21-1-11.

These three conditions, establishing a requirement for prejudgment interest to be awarded, have an underlying reason which was set forth in *Beka v. Lithium Corp. of America,* 77 S.D. 370, 375, 92 N.W.2d 156, 159-60 (1958): "The reason for denying interest on a claim is that where the person liable does not know what sum he owes, he cannot be in default for not paying."

Let us examine the shaky underpinnings of the majority opinion by examining the facts. Defendants were not advised of certain repairs, performed in 1981, totaling $13,688, until trial. There was some subsequent mental fluctuation and figure changing, for on January 19, 1982, Amert Construction Company estimated the cost of repairs to be $36,705. Some eight months later, on September 28, 1982, Amert Con-

struction Company changed the estimated cost of repairs to $95,505, which approximated three times the amount of the original estimate. Then, very shortly before trial, Amert Construction Company amended its claim for damages to $141,543.09.

Query: Can Ziebarth be faulted for not knowing exactly what sum it owes when the plaintiff does not know the extent of its claim? Thus, under *Beka*, defendant/Ziebarth should not be charged with prejudgment interest because it, as the debtor, could not know or reasonably ascertain the exact sum owing. *See Hanson*, 373 N.W.2d at 36; *Meyer*, 369 N.W.2d at 659; *Subsurfco*, 369 N.W.2d at 131. My viewpoint is also supported by *State ex rel. Farmers State Bank v. Ed Cox & Son*, 81 S.D. 165, 132 N.W.2d 282 (1965).

Then, on the very morning of trial, Amert Construction Company amended again, and went back to the $95,505 amount. If this is not the straw that breaks the camel's back on uncertainty, consider that Amert Construction Company's own expert testified that the costs of repair (damages) were somewhere between $210,000 and $280,000. Furthermore, during the trial, there was evidence that costs of repair would total between $25,000 and $30,000 if repairs had been made when the damage was first noticed.

With all of these facts and figures and circumstances before it, the jury ultimately returned a verdict of $95,505 which assessed: 3% of the verdict against Ziebarth Construction Company, 91% of the verdict against U.S. Fiber Corporation, and 6% of the verdict against Amert Construction Company. Whereupon, the trial court entered judgment without awarding prejudgment interest. As I believe that the trial court was right and the majority opinion is wrong, I would affirm and not reverse the trial court.

"When the exact sum of the indebtedness is known or can be readily ascertained the reason for the denial of interest does not exist." *Beka*, 77 S.D. at 375, 92 N.W.2d at 160. Here, however, appellee/Ziebarth was besought with claims of

varying amounts, changed even on the morning of trial, and it should not be held in default for not paying an unascertainable sum which it *knew* that it owed.

This case is distinguishable from *Gearhart v. Hyde*, 39 S.D. 273, 164 N.W. 58 (1917), which stands for the proposition that "[t]he mere fact that the claim is disputed does not defeat the allowance of interest." *Beka*, 77 S.D. at 375, 92 N.W.2d at 159 (citing *Corcoran v. Halloran*, 20 S.D. 384, 107 N.W. 210 (1906)). If, indeed, a plaintiff is filled with uncertainty as to what it has coming, how can the defendant be filled with certainty regarding what is owing?