**ARCON CONSTRUCTION CO., INC., and Hardrives, Inc., Plaintiffs and Appellees,**

v.

**SOUTH DAKOTA CEMENT PLANT and Cement Plant Commission, Defendants and Appellants.**

Nos. 15447, 15462.

Supreme Court of South Dakota.

Argued Feb. 18, 1987.

Decided April 22, 1987.

Ronald G. Schmidt of Schmidt, Schroyer, Colwill, Zinter & Barnett, P.C., Pierre, for plaintiffs and appellees.

Wayne Gilbert of Banks, Johnson, Monserud, Johnson, Colbath & Huffman, P.C., Rapid City, for defendants and appellants.

WUEST, Chief Justice.

Cement Plant appeals a judgment awarding prejudgment interest to the appellee, Arcon Construction Company. We affirm.

In April, 1980, Arcon sued the Cement Plant for breach of contract in failing to supply cement for Arcon's two 1978 highway construction projects. The jury awarded Arcon $1,175,974.00 in damages. The trial court, however, denied Arcon's motion for prejudgment interest. On appeal, this court affirmed the liability determination but reversed the jury award and remanded for retrial on the damages issue. We affirmed the trial court decision on prejudgment interest. *Arcon Construction Co. v. South Dakota Cement Plant*, 349 N.W.2d 407 (S.D.1984) (*Arcon I*).

Prior to retrial there were appeals taken from an interlocutory order of the trial court. This court again remanded for a new trial on damages and also directed that Arcon be allowed to amend its complaint with certain additional claim items. *Arcon Construction Co., Inc. v. South Dakota Cement Plant*, 382 N.W.2d 668 (S.D.1986) (*Arcon II*).

Retrial was held in April, 1986, and the jury awarded Arcon $638,356.14 in damages. In July an omnibus judgment by the trial court added Arcon's costs from both trials and deducted the amount of Cement Plant's counterclaim. In addition, Arcon received prejudgment interest on five claim items in the amount of $114,429.69.

The Cement Plant appeals from the trial court's order granting prejudgment interest (# 15447). Arcon cross-appeals by Notice of Review (# 15462).

*Appeal #15447 (Cement Plant)*

■ Cement Plant argues the prejudgment interest question was settled in *Arcon I* and is the law of the case. Arcon argues that *Arcon I* only discussed prejudgment interest on the idle time claim.

The trial court made its first ruling on prejudgment interest by examining the verdict in total. In *Arcon I* this court similarly limited its discussion to the blanket ruling made by the trial court. Section IV only discussed damages under the idled equipment claim. 349 N.W.2d 413–415. Section VI stated that total damages were uncertain because of the idle equipment claim.[1] Because damages were only analyzed as a lump sum, the law of the case does not preclude prejudgment interest on the damages presented in this appeal. In this case, prejudgment interest on distinct items or categories of damages is not affected by the character of any other unrelated item in the verdict.

After retrial, the trial court examined each of the twenty items in the total award individually and made its ruling for prejudgment interest on five items based upon whether damages under each item were "capable of ascertainment." The question for this court is whether damages for each of the five items were either "certain or capable of being made certain by calculation." SDCL 21–1–11.

" 'The true principle, which is based on the sense of justice in the business community and our statute, is that he who retains money which he ought to pay to another should be charged interest upon it.' " *Gearhart v. Hyde*, 39 S.D. 273, 275, 164 N.W. 58, 59 (1917) (quoting *Laycock v. Parker*, 103 Wis. 161, 79 N.W. 327 (1899). When someone is entitled to recover damages often they are also statutorily entitled to the time value of money which has been withheld from them. In essence, prejudgment interest discounts future damages to present value, and prejudgment interest under SDCL 21–1–11 compensates the plaintiff for the detention of his money when interest has not been provided for by contract.

When the person who is liable does not know what sum he owes, however, or cannot ascertain the amount he ought to pay with reasonable exactness, then he cannot be in default for not paying. *Gearhart supra; Beka v. Lithium Corporation*, 77 S.D. 370, 375, 92 N.W.2d 156, 160 (1958). Therefore, SDCL 21–1–11 requires that damages be "certain or capable of being made certain by calculation" before a plaintiff can recover prejudgment interest.

Often this statutory language has been difficult for the courts to apply to the variety of cases. It has also undoubtably been difficult for attorneys to advise their clients on whether they are entitled to prejudgment interest on their contract claims. Part of the problem lies in the rule itself, but we have yet to find a more effective rule or definition of the present rule.

■ Courts should not hesitate to award prejudgment interest when the facts and circumstances surrounding the subject matter of the transaction make the amount of damages readily determinable. If the person who is liable is given a statement of damages or if from reasonably available information he can ascertain the amount he owes with reasonable exactness, then the claimant is entitled to prejudgment interest. *See Amert v. Ziebarth Construction Company*, 400 N.W.2d 888 (S.D.1987). Mere difference of opinion as to what the amount is, however, is no reason to deny prejudgment interest. *Gearhart, supra.* If damages can be readily determined by reference to reasonably ascertainable market values, they are capable of being made certain by calculation within the meaning of SDCL 21–1–11. "Interest is allowable on damages if there exists established or reasonably ascertainable market prices or values on the subject matter by reference to which the amount due may be determined by computation." *Amert, supra; Beka v. Lithium Corporation*, 77 S.D. 370, 375, 92 N.W.2d 156, 160 (1958). Where the

---

[1] "In sum, the amount of Arcon's damages was totally uncertain until the jury returned its verdict, and in fact, is still uncertain in light of our holding in Section IV above." 349 N.W.2d at 417.

amount sought for recovery, even though unliquidated, is based upon the readily ascertainable value of services or property, the general and better considered rule is to allow interest, at least in the absence of strong equities to the contrary. *Aetna Casualty Ins. Co. v. United States*, 365 F.2d 997 (8th Cir.1966); *Amert, supra.*

Four of Arcon's prejudgment interest items were based on the increased cost of performance on its projects in 1979 and 1980 from what it would have cost in 1978. Arcon requested $17,270.60 for the increased cost of fuel on its Brown-Spink project, and the jury awarded that amount. Damages were calculated on the difference between the actual cost of fuel at the time of construction and the estimated cost of fuel had the project been able to proceed in 1978. Similarly, Arcon requested $4,632.50 for the increased cost of MC–70 road material and the jury awarded that amount. Damages were calculated on the difference between the actual cost and the 1978 market price. Both of these items were capable of being made certain by calculation.

The third and fourth items were the increased cost of labor for Arcon's Interstate–29 and Brown/Spink projects. Arcon claimed $182,926.00 on the first project and received $46,259.79. Arcon claimed $53,871.00 and received $30,983.07 for damages on the second project. Damages were based on 12% wage rate increases for employees covered under the collective bargaining agreement for the Minnesota Association of General Contractors and Construction Unions. To the wage rate increases were added certain inefficiencies and additional costs reflected in carrying the project over the course of three years. The jury accepted the wage rate increases as actual damages and did not accept Arcon's claimed increases over those amounts.

The large discrepancy between the amount of damages demanded in the complaint and the size of the eventual awards militates against the certainty mandated by statute. *Amert, supra.* Nevertheless, the actual damages given by the jury were based on definite increases which Cement Plant itself recognized. The damages were clearly ascertainable, and Arcon is entitled to interest on those amounts.

The fifth item is the Hardrives claim. Hardrives was a subcontractor for Arcon, and pursuant to contract Arcon was required to pay $12,500 to Hardrives for increased subcontractor mobilization costs. Arcon requested and received the exact amount paid to Hardrives. The fixed sum meets the test of certainty, and Arcon is entitled to interest on this claim as well.

### Appeal #15462 (Arcon)

Arcon raises several issues on notice of review. First, Arcon argues that it is entitled to interest on other claim items. Arcon does not specify what those claim items are or explain why interest should be allowed on all of the jury award. The trial court heard all of the evidence concerning measurement of damages and decided the interest issue with the benefit of that perspective. Arcon has not presented any evidence or argument concerning other items, and this court has no basis for determining the merit of Arcon's conclusory position. We affirm the trial court's ruling on prejudgment interest.

Arcon argues that it was entitled to seek punitive damages under SDCL 21–3–2 and jury determination of prejudgment interest under SDCL 21–1–13. Before retrial, Arcon sought to amend its complaint to include allegations of tortious conduct by Cement Plant under SDCL 57A–2–615. Arcon wanted the opportunity to submit new theories of liability for trial and thereby also have the opportunity to ask the jury for interest on non-contract damages under SDCL 21–1–13. The trial court denied the motion.

On prior remands this court affirmed Cement Plant's liability under Arcon's contract claims. These tort issues were plead before the first trial and rejected by the trial court. No appeal was taken from that ruling, and remand from this court did not allow Arcon to essentially reopen the whole case. We therefore hold the trial court did

not abuse its discretion in refusing Arcon's new cause of action against Cement Plant.

We have examined Arcon's remaining arguments and find they have no merit. Therefore we affirm the trial court's ruling on prejudgment interest and all other rulings raised on appeal.

MORGAN, SABERS and MILLER, JJ., concur.

HENDERSON, J., deeming himself disqualified, did not participate.