**Keith KELLOGG and Lois Kellogg,
Plaintiffs and Appellees,**

v.

**Tom ROWETT and Lonnie Humbracht,
Defendant and Appellants.**

No. 15459.

Supreme Court of South Dakota.

Considered on Briefs March 25, 1987.

Decided June 24, 1987.

---

Robert M. Nash, Rapid City, for plaintiffs and appellees.

Harlan A. Schmidt, Spearfish, for defendants and appellants.

MORGAN, Justice.

Appellants Ron Rowett (Rowett) and Lonnie Humbracht (Humbracht) appeal from a judgment for appellees Keith and Lois Kellogg (Kelloggs), which included an award of prejudgment interest on Kelloggs' claim for lost rent and damages to their building. We affirm.

Kelloggs were owners of a building in which they conducted a millwork business. They sold the business and equipment to Rowett and Humbracht and leased them the building. Subsequently, Rowett and Humbracht built their own building and moved the equipment which they had purchased to that building. Kelloggs then brought suit claiming Rowett and Humbracht damaged their building, and removed property without authorization. They also sought six months' rent due since Rowett and Humbracht allegedly failed to give proper notice and rendered the building untenantable.

The case was tried to the court, the Honorable Warren Johnson, presiding, and the court rendered judgment for Kelloggs in the sums of $2,500 for the damages to the electrical system and the building, and $900 for rent due under the leasehold agreement. The court also allowed prejudgment interest at fifteen percent on the total sum of $3,400.

Rowett and Humbracht raise three issues on appeal claiming

(1) The trial court erred in allowing prejudgment interest on both damages and rent;

(2) There was insufficient evidence to support the award of the three months' rent; and

(3) There was insufficient evidence to support the award of the other damages.

On their initial issue, Rowett and Humbracht argue that prejudgment interest was improper because the damages were not certain or capable of being made certain as required by the provisions of SDCL 21–1–11. We find the trial court was correct in allowing the prejudgment interest on the entire sum. The bulk of the claim centered around the damage to the electrical system. The parties did not dispute what was taken, but only if Rowett and Humbracht were entitled to take specific items. These damages were readily ascertainable as witnessed by the estimates of the contractors, which varied due to the use of new equipment figures by the one and used equipment figures by the other.

Rowett and Humbracht also argue that prejudgment interest was improper because of the variance between the amount claimed by Kelloggs and the amount awarded by the court. We have previously indicated that a large discrepancy between the amount claimed and the award is relevant to the right to prejudgment interest. In *Amert v. Ziebarth Const. Co.*, 400 N.W.2d 888 (S.D.1987), we quoted a California decision, *Polster Inc. v. Swing*, 164 Cal.App.3d 427, 210 Cal.Rptr. 567 (1985), for the proposition that a large discrepancy between the amount claimed and the size of the eventual award militates against the certainty mandated by the statute. *Amert, supra*. *Amert*, however, goes on to state that there was no discrepancy between the damages requested and the damages awarded and decided the issue for other reasons. In *Arcon Const. Co. v. S.D. Cement Plant*, 405 N.W.2d 45 (S.D.1987), we cited *Amert* for the same proposition, that a sizeable discrepancy between the demand and the award militates against the certainty demanded by statute (SDCL 21–1–11). *Arcon* goes on, however, to hold that in spite of a large discrepancy, Arcon was entitled to interest because (1) the actual damages given by the jury were based on definite increases which Cement Plant itself recognized, and (2) the damages were clearly ascertainable. Thus, it is obvious that while we view a large discrepancy as relevant, we certainly do not find it to be

determinative. Nor, in this case, do we find the claim for $3,800 damages to be that disparate from the $2,500 allowed, considering the approach of the contractors and the fact that the original damage claim included some property which Rowett and Humbracht agreed to return and that value was not included in the award. As to the rent award, the amount of the monthly rent was fixed by the lease agreement, the only dispute was as to the number of months. We affirm the award of prejudgment interest.

In their second issue, Rowett and Humbracht claim the trial court erred in awarding Kelloggs damages for lost rentals since they were given only thirty days' notice, rather than the one hundred twenty days required in the lease. Rowett and Humbracht claim that they gave notice of their intent to vacate the building on January 12, 1985, rather than only thirty days prior to the vacation as the trial court found. The problem with the notice of January 12, 1985, is that no date of vacation was specified. Rowett and Humbracht simply told Kelloggs that they were in the process of purchasing land and erecting a building. A casual conversation lacking any specific time frame can hardly be construed as proper notice. "This court may set aside findings of fact only if they are clearly erroneous. SDCL 15–6–52(a).... The trial court's determination of the fact question involved has ample support in the record." *City of Rapid City v. Hoogterp,* 85 S.D. 176, 182, 179 N.W.2d 15, 18 (1970). Just as in *Hoogterp,* there is ample support in this case for the trial court's finding,

therefore the findings are not clearly erroneous.

Lastly, Rowett and Humbracht claim there was insufficient evidence for a number of the trial court's findings on damages. Again applying the scope of review previously discussed above, we agree with the trial court and hold that the contract, which included a detailed list of each item sold but did not include the disputed electrical items, embodied the complete understanding between the parties. As such, the contract did not authorize the removal of the electrical items and the trial court was correct in so finding. Nor do we find clear error in the trial court's finding on damages. We have already pointed to credible evidence which supports the trial court's award of $3,400 in damages to Kelloggs. Finally, we find no clear error in the finding that the building was rendered untenantable by the loss of its electrical services. We believe that it is absurd to argue that a building constructed to house a manufacturing business is tenantable without *any* electrical services whatsoever.

We affirm the trial court on all issues.

All the Justices concur.